Turner, J.
 

 Appellant presents the following question as involved in the instant case:
 

 “Is the award for the support of a minor child made upon the granting of a divorce and payable in weekly installments, a final judgment which is not subject to modification as to accrued and unpaid installments?”
 

 The Juvenile Court refused relief and the Court of Appeals affirmed.
 

 We are of the opinion that the judgment of the Court
 
 *88
 
 of Appeals should be affirmed under the doctrine enunciated in the case of
 
 Armstrong
 
 v.
 
 Armstrong,
 
 117 Ohio St., 558, 160 N. E., 34, the first paragraph of the syllabus of which reads:
 

 “A judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony. ’ ’
 

 TJiere was no modification of the decree made or sought in the instant case prior to the institution of the Florida proceedings. The power of modification was not expressly retained as to accrued installments.
 

 The
 
 Armstrong case
 
 is annotated in 57 A. L. R., 1113, wherein it is said:
 

 “Thus, the reported case
 
 (Armstrong
 
 v.
 
 Armstrong,
 
 ante, 1108) applies the rule announced by the Supreme Court of the United States in
 
 Sistare
 
 v.
 
 Sistare
 
 (1910), 218 U. S., 1, 54 L. Ed., 905, 28 L. R. A. (N. S.), 1068, 30 S. Ct., 682, 20 Ann. Cas., 1061, discussed in the annotation in 41 A. L. R. at page 1421. The court states in the syllabus that the rule is that a judgment for alimony payable in installments, rendered upon entering a decree for divorce, constitutes a final judgment within the full faith and credit clause of the federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the law of the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony.”
 

 In the annotation in 94 A. L. R. at page 332, it is said:
 

 
 *89
 
 “The rule in a majority of the states is that installments of alimony- become vested when they become due, and the court has no power to modify the decree as to them.’’
 

 On page 333 of the same volume it is said:
 

 “In a few states the rule is that the court has power to modify decrees as to past-due installments of alimony, as well as to installments payable in the future. ” In the annotation in 157 A. L. R., at page 175, it is said:
 

 “Where under the law of the state where the decree for alimony is rendered, the power of the court to modify the decree does not extend to installments that have already accrued, as where the power is phrased in general terms or where it specifically refers to installments to accrue in the future, and the decree is not modified before the accrual of the installments, it is entitled to full faith and credit at the forum as to such accrued installments. This rule is supported by the following cases decided since the publication of the original annotation.” (Then follows a list of cases throughout the United States.)
 

 It is stated also in 157 A. L. R., at page 173:
 

 “The decree of a sister state for alimony payable in installments was, as to accrued installments, held entitled to full faith and credit in the courts of another state under the described circumstances in the following cases, in most of them without particular reference to or inquiry into the question whether the alimony decree was subject to modification as to accrued installments, and apparently under the tacit assumption that it was not so subject.”
 

 In the recent work of Nelson on Divorce and Annulment, volume 3, page 537, Section 33.52, it is said:
 

 “The enforcement of an alimony or maintenance decree as to future installments stands upon a different footing than the enforcement of such a decree as to
 
 *90
 
 past-due installments, since the decree is a continuing judgment as to future installments,- while it is an ordinary judgment for debt or money as to those which are past due.”
 

 In the same volume it is said at page 540, Section 33.53:
 

 “And, generally speaking, an action may be «brought on a sister-state alimony or support decree for a money judgment for the amount decreed to be paid, or, if the decree provides for payment in installments, for the amount of the installments which are accrued and due.”
 

 In Restatement of Conflict of Laws, 518, Section 435, under “Comment,” it is said:
 

 “A judgment or decree for alimony, rendered in another state, will be enforced only to the amount already accrued and due and only if the court which rendered the judgment has no power to modify the amount already accrued * * *.”
 

 In the same chapter
 
 ibid.,
 
 at page 553, Section 464, it is said:
 

 “A valid judgment for alimony granted in one state can be enforced in another state to the extent of the amount already due and unpaid on the decree, and not subject to reduction.”
 

 We have no desire to pass on that part of the case now under the jurisdiction of the Florida court. We mention these citations from Restatement of Conflict of Laws for the reason that the record in this case shows that only accrued and unpaid installments were made the subject of the Florida litigation.
 

 Appellant argues the following subsidiary questions :
 

 (1) Laches;
 

 (2) An agreement made prior to the entering of the decree;
 

 (3) Jurisdiction of the Juvenile Court.
 

 
 *91
 
 “The defense of laches is peculiar to courts of equity and does not apply in actions at law; but it has been entertained at law in a state where equity is administered through common-law forms.” 30 Corpus Juris Secundum, 523, Section 113.
 

 In the same volume it is said at page 525, Section 113:
 

 “Laches is based on the maxims, Nothing can call equity into activity but conscience, good faith, and diligence, Equity aids the vigilant, not those who slumber on their rights, He who seeks equity must do equity, and, He who comes into equity must come with clean hands. ’ ’
 

 In this state an action for divorce and alimony is statutory and not equitable. But even if laches applied in such a case as the instant one, the.record discloses that respondent did not ask for the modification of the order allowing support until nearly a year after the mother had caused the judgment to be certified and •transferred to the Florida court where appellant had entered his appearance:
 

 As to the agreement: It needs no citation of authority to show that such an agreement, if any, was merged in the judgment entry which entry cannot at this late date be disputed.
 

 As to jurisdiction: While the Juvenile Court did hold that it had jurisdiction, it is not clear from the entry that this holding was meant to apply to the jurisdiction to modify the past due and unpaid installments or to future installments. We hold that the court was without jurisdiction to modify past due and accrued installments. No claim was made in respect of future installments or the court’s right to modify same.
 

 As we are of the opinion that the Juvenile Court in this case had no jurisdiction to reduce or otherwise modify the allowance of accrued and unpaid installments for the support of the minor child, the judgment
 
 *92
 
 of the Court of Appeals should be, and hereby is, affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart and Stewart, JJ., concur.
 

 Zimmerman and Taft, JJ., dissent.