HOFFMANN, APPELLANT, *v.* HOFFMANN, APPELLEE.

(No. 11805—Decided July 10, 1972.)

Mr. *William Flax* and Mr. *Robert L. Stone*, for appellant.

Messrs. *Gatch, Ritchie & Kleinman* and Mr. *D. Michael Roberts*, for appellee.

SHANNON, J. This is an appeal from an order of the Court of Common Pleas of Hamilton County, Ohio, Division of Domestic Relations.

On November 15, 1956, a decree of divorce was awarded plaintiff-appellant, granting her, among other things, custody of the two minor children of the parties and ordering defendant-appellee to pay five hundred dollars per month "as alimony and support for the said minor children * * * out of which * * * [plaintiff] is to be responsible for the full financial support of said children, except * * * * as they may be in the temporary custody of the defendant * * *." Further, the decree of divorce provided that the payments were to continue "until the youngest of the * * * children or the survivor thereof shall have attained the age of twenty-one (21) years."

On September 13, 1961, the custody order was modified upon motion and the permanent custody of the child, John, was awarded to defendant, and defendant was ordered to pay two hundred fifty dollars per month to plaintiff as support for the other child, Lewis, whose custody she retained, the order stating "no part thereof to be construed as alimony."

On December 24, 1970, plaintiff filed two motions; one seeking a lump-sum judgment for alleged arrears in support payments for both children, and the other seeking a citation of defendant for contempt of court.

On February 23, 1971, defendant moved to terminate the support orders for the children as of January 26, 1967.

The court below, through a referee, found that both children had attained the age of twenty-one years, that John had been in the custody of defendant as ordered, that no support payments for John were or had been due and that no liability for his support attached to defendant. Further, that court found that Lewis had attained the

age of eighteen years on January 26, 1967, and was "emancipated on February 1, 1968, at which time he was no longer enrolled in school and was employed full time and self-supporting."

The first assignment of error asserts that the trial court erred in altering a previous support order as to past due and delinquent child support installments after the date the last installment became due.

To support such assertion, appellant cites, *inter alia, Smith* v. *Smith,* 168 Ohio St. 447, paragraph one of the syllabus of which is:

"The amount of past due and delinquent installments remaining due and owing on an installment child-support order or judgment is fixed and unalterable on the date the last installment payment becomes due and owing; and at that time the payee of the installment support order or judgment has an absolute right to have all past due and delinquent installment payments reduced to a 'lump-sum judgment,' on which excution may be lawfully levied. (*Corbett* v. *Corbett,* 123 Ohio St. 76, and *McPherson* v. *McPherson,* 153 Ohio St. 82, followed.)"

Unquestionably, *Smith, supra,* is controlling authority if the installments on the child support order were, in fact, due and owing to appellant. In addressing ourselves to this question, it must always be kept in mind that we are dealing not with an allowance of alimony to a wife alone but with an award for the support of a minor child. As Judge Zimmerman remarked in his dissent in *McPherson* v. *McPherson,* 153 Ohio St. 82, at page 92: "A marked distinction exists between the two."

It is significant to us that the majority opinion in *Smith, supra,* contains these observations, at pages 456 and 457:

" * * * Defendant was instrumental in bringing into the world the child for whom the benefit of the support money was intended, and he assumed, in addition to the natural duties of a parent, a statutory duty to support the child *until emancipation* or majority. The weekly support order merely put a price tag on the statutory duty al-

ready existent. The defendant knew of the existence of his obligation of support before the divorce decree, and the extent of such obligation was fixed by the installment support order included in the judgment of divorce. The mere fact that he failed to meet such obligation does not mean that he was excused therefrom; it simply means that someone assumed his duty of support, for, *in the absence of evidence to the contrary,* the court will presume that the child was clothed, fed and generally accorded the necessities of life, the payment for which the weekly support money was intended." (Emphasis ours.)

Therefore, it was proper to permit the appellee to adduce evidence to rebut the presumption that another was forced to assume his natural duties as a father. See *Speer* v. *Speer*, 36 Ohio Op. 450, at page 451. If, in fact, appellee did provide the support or his son, Lewis, had become emancipated, then it is obvious that to order appellee to pay in accordance with the order of court would be to compel him to pay an obligation not his due. Under such circumstance, appellant would be given a windfall because she had not provided the support or assumed the duties of appellee. This would be, in our estimation, unjust enrichment.

Our examination of the record leads us to conclude that the finding that Lewis was emancipated on February 1, 1968, and was self-supporting is in harmony with the manifest weight of the evidence. Consequently, the conclusion that, despite the unmodified order of court, no further liability for support of Lewis attached thereafter is correct in law. The first assignment of error, then, is not well taken.

The second assignment of error is, essentially, reiterative of the first. Therefore, it is found to be not well taken for the same reasons. Further, we observe that it would be a perversion of the intent of R. C. 3103.03 to interpret it to require a husband to support his minor child after that child's emancipation simply because no prompt effort was made to modify an order of court upon emancipation. That would be blind and slavish devotion to form requiring an

absolute rejection of material fact. We hold it to be the law that emancipation of a child competent to support itself discharges a parent from an obligation for its support. See *Townsen* v. *Townsen*, 1 Ohio Op. 2d 49.

The third assignment of error raises, in addition to the issues involved in assignments one and two, the accuracy of the computation of the award to appellant. We find this assignment not to be well taken for the reasons already given and because the record does not support it. We believe that both law and reason support our conclusion that when a factual situation, in contemplation of which an order was made, ceases to exist, the legal obligation terminates at the same time and not when it is cancelled of record. See, generally, *Wolfe* v. *Wolfe*, 55 Ohio Op. 465.

The judgment of the Court of Common Pleas of Hamilton County, Ohio, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

Young, J., concurs.

Huss, P. J., dissenting. The lower court found that Lewis, a minor for whose maintenance support was ordered in the original divorce action, became self-supporting and was therefore emancipated when he left the university in January 1968. The testimony of both the appellant and appellee, the only witnesses presented, established that Lewis was continuously employed from January 1970 until the date of the hearing on the motion to reduce delinquent support payments to a lump-sum judgment. However, for the two-year period prior thereto, from January 1968 to January 1970, the testimony of both witnesses established only that Lewis was employed by three theatres and a chemical company. The record is silent concerning the duration and continuity of the diverse jobs held by Lewis during that two-year period. Further, the record is silent concerning amounts earned by Lewis from his employment during the entire period from January 1968 to the date of the hearing.

The support ordered in the original divorce action and as modified thereafter for the maintenance of Lewis was fixed at $250 per month. There is no basis in the record for the lower court to have found that Lewis earned this amount at any time from January 1968, or that he fully supported himself during that period of time. Based upon the lack of evidence concerning the amounts earned and the uncertainty in the record surrounding the duration and continuity of Lewis' employment for a full two years, the finding by the referee that Lewis was emancipated as of January 1968 cannot be sustained and should be reversed.

In addition to the foregoing, there is a more compelling basis for reversal of the lower court's ruling.

The entry granting appellee's motion to terminate support is dated March 26, 1971, and by such entry the court below terminated support payments for Lewis as of February 1968. The court below therefore retroactively modified support installment payments which, under the terms of the support order as modified by the court in 1961, had accrued but were unpaid.

The majority opinion observes "that we are dealing not with an allowance of alimony alone but with an award for the support of a minor child." With respect to alimony installments above, that is, payments other than child support due the wife under a decree of divorce, it has been held in *Armstrong* v. *Armstrong,* 117 Ohio St. 558, at page 565, that: "In the absence of modification the judgment is enforceable as awarded." Further, in the syllabus of *Armstrong, supra,* it was held that a "judgment for alimony payable in installments rendered upon entering a decree for divorce constitutes a final judgment within the full faith and credit clause of the federal Constitution so far as accrued installments are concerned, no modification of the decree having been made prior thereto, unless it appear from the jurisdiction wherein the decree was granted that the power of modification expressly retained extends to accrued as well as to future installments of alimony."

The doctrine announced in *Armstrong, supra,* with

respect to alimony installments, was expressly adopted on the subject of child support installments in *McPherson* v. *McPherson,* 153 Ohio St. 82. Therefore, the distinction between alimony installment payments and child support installment payments recognized by the majority opinion herein is not supported in law.

A more recent pronouncement on the issue of the power of a court to modify child support payments which have accrued under the terms of a child support judgment is found in *Smith* v. *Smith,* 168 Ohio St. 447. Therein, citing *McPherson, supra,* it was held that "* * * it is entirely consistent with both the law of Ohio and with reason and common sense to conclude, as we do, that, where there is an order imposing a duty to make installment payments until a minor reaches a specified age, and the child reaches the age specified in such order, *and there have been no interim modifications by the court,* the amount of the judgment at that time becomes a sum certain which is no longer subject to modification." (Emphasis added.)

The conclusions to be reached from *Armstrong, McPherson* and *Smith, supra,* is that installment support payments which have accrued under the terms of an order entered pursuant to a decree of divorce and which remain unpaid are not subject to court modification if the child for whose benefit support was awarded was living at the time of accrual and no modification of the order has been made by the court prior to accrual.

The minor child, Lewis, for whom support was ordered until majority, reached that age before the motion for a lump-sum judgment was sought. Therefore, the court below was without power to modify the installment support payments for the period from February 1968 until Lewis reached majority for the reason that, under the terms of the support order, such installment payments had accrued and remained unpaid. The duty imposed upon the appellee to make support payments in the amount of $250.-00 per month arose from the order of the court as modified relative to the divorce decree. This order was a continuing judgment of the court and the duty imposed thereby re-

mained until a modification of the order concerning future installments was obtained by the party seeking to avoid future obligations. The support payments for Lewis were due and owing as final judgments and under *Armstrong, McPherson* and *Smith, supra,* such payments cannot be modified.

The majority opinion cites and appears to be in harmony with Judge Zimmerman's dissent in *McPherson, supra.* The majority opinion in McPherson remains the law in Ohio.

It follows that in my opinion the judgment of the Court of Common Pleas, Division of Domestic Relations, should be reversed.