ROYSE *v.*ROYSE.

(No. 82-DM-0400—Decided May 24, 1984.)

Court of Common Pleas of Clermont County.

*Bernard West,* for plaintiff.
*Jeffrey M. Rollman,* for defendant.

WATSON, J. The plaintiff's, Glenda S. Royse's, complaint for divorce was filed on May 14, 1982, the answer and counterclaim were filed by defendant, Ronald L. Royse, Sr., on May 20, 1982.

Judgment entries of divorce were filed October 5, 1982 and November 24, 1982.

On November 9, 1983, plaintiff filed several motions, including the following:

(1) to sentence defendant on the finding of contempt per entry filed November 24, 1982;

(2) to grant plaintiff formal custody of the parties' minor son who was placed by defendant with plaintiff in December 1982, and to make an award of child support retroactive to that date and for his continuing support; and

(3) to increase the amount of support for the parties' minor daughters.

The matters came on for hearing before the referee on November 28, 1983 and December 13, 1983. Thereafter on February 27, 1984, the referee filed his report. On March 12, 1984, the defendant filed several objections to the report of the referee, which objections are addressed below. The objections came on for hearing on May 14, 1984.

The court, having thoroughly reviewed the record and transcripts, and being fully advised in the premises, finds as follows.

Defendant first objects that the referee erred in finding that the support arrearage contempt matter pending prior to the decree and reduced to judgment in the decree is still subject to enforcement by contempt.

There is no question but that an order for the payment of child support may be enforced by contempt proceedings. See *Slawski* v. *Slawski* (1934), 49 Ohio App. 100 [1 O.O. 201]; *Stemple* v. *Stemple* (1967), 12 Ohio Misc. 147 [41 O.O.2d 203]. The Supreme Court of Ohio in *Colom* v. *Colom* (1979), 58 Ohio St. 2d 245 [12 O.O.3d 242], held that in a domestic relations action seeking enforcement for collection of arrearages, interlocutory orders are merged within the final decree, and the right to enforce an order does not extend beyond the decree, unless the order has been reduced to a separate judgment or it has been considered by the court and is specifically referred to within the decree.

In the instant matter, the order for payment of temporary support was specifically considered and referred to in the decree by the referee via a finding that defendant is in contempt and a finding that the total amount accrued and unpaid is $1,148.80. Only the sentencing on the contempt charge was delayed until a point after the final decree.

The court finds that the *Colom* decision which addressed temporary ali-

mony orders may reasonably be said to apply to temporary child support orders as well. Thus, where the order has been considered and referred to in the decree and the right of enforcement by way of a finding of contempt is additionally referred to in the decree, the beneficiary of the finding, the recipient of support payments, has not lost the right to enforce for collection or arrearages and the court may, upon a post-decree motion, execute sentence on the finding of contempt, the recipient's right of enforcement having been preserved to that end. The first objection is not well-taken and is overruled.

Defendant secondly objects to the referee's allowing plaintiff to re-open her case in chief at the hearing on December 13, 1983. Ohio case law has determined that it is within the sound discretion of the court in the interest of justice to permit a party to re-open his case and introduce further evidence, and that the court should exercise liberality within reasonable bounds to permit either side to bring in all available evidence. See 52 Ohio Jurisprudence 2d (1962), Section 79; *Ketcham v. Miller* (1922), 104 Ohio St. 372; and *In re Adoption of Earhart* (1961), 117 Ohio App. 73 [23 O.O.2d 156]. The court finds that the referee did not abuse his discretion in granting plaintiff permission to re-open her case in chief to offer a written summary of her income and expenses, given that plaintiff was yet available for cross-examination by defendant and that the evidence served to aid the referee in his deciding the issues presented and was not repetitious or cumulative of other testimony already before the referee. Thus, the objection is not well-taken and is overruled.

Defendant has objected additionally that the referee improperly ordered a retroactive modification of child support for the son of the parties and that the referee failed to make any findings of fact upon which to base his conclusion as to the amount of what child support should have been from December 12, 1982 to November 9, 1983, and failed to base the award upon actual expenses that plaintiff incurred on behalf of the son.

Defendant has urged that the referee's ordering of child support for the son was in violation of the mandate of *McPherson v. McPherson* (1950), 153 Ohio St. 82 [41 O.O. 151], that support cannot be retroactively modified unless such power is expressly reserved in the divorce decree. The referee in his report noted that ordering defendant to make support payments for a period of time preceding plaintiff's motion would be a retroactive order, but found that because the decree provided that defendant shall be solely responsible for his son's support and that this provision had never been modified, the amount that would have been appropriate at the time the son was later placed by the father with the mother ($50 per week) is properly ordered at present.

The court would take this opportunity to clarify what it believes to be the proper theory for sustaining the referee's order, and what it believes the referee's theory to have been as well.

The stream of cases cited by defendant, including most notably *Wedebrook v. Wedebrook* (1977), 51 Ohio Misc. 81 [5 O.O.3d 342]; *McPherson, supra; Nokes v. Nokes* (1976), 47 Ohio St. 2d 1 [1 O.O.3d 1]; and *Sexton v. Sexton* (1971), 32 Ohio App. 2d 344 [61 O.O.2d 514], prohibits the retroactive *modification* of support orders, for example, where a non-custodian seeks a lower weekly rate of support or suspension of support altogether during a particular period of time, and where he seeks such reduction after the fact. See *Wedebrook, supra.*

In the instant matter, plaintiff cannot be said to be seeking a *modification* of anything; she seeks only to receive support on behalf of her son, the support having been ordered all along and un-

paid to plaintiff for the particular period of time when she had the boy with her. No modification as to support for the boy is involved whatsoever. The instant situation may be reasonably considered to be a converse situation of *Hoffmann* v. *Hoffmann* (1972), 32 Ohio App. 2d 186 [61 O.O.2d 205]. In *Hoffmann,* the court held that where circumstances existing at the time of a divorce decree ordering child support payments cease to exist, the legal obligation to make such payments terminates at the same time and not when it is cancelled of record. The court stated that "it would be a perversion of the intent of * * * [the statute] to interpret it to require a husband to support his minor child after that child's emancipation simply because no prompt effort was made to modify an order of court upon emancipation. That would be blind and slavish devotion to form requiring an absolute rejection of material fact." *Id.* at 189-190.

By the same token, to absolve defendant herein of the responsibility of supporting his son when the divorce decree required such support all along simply because no prompt effort was made to effect an order at the time of transfer of the boy to the custody of the mother would be blind devotion to form requiring rejection of material fact. The duty on the part of defendant to pay plaintiff for the son's care arose absolutely at the time of transfer of the boy's residence from defendant's home to plaintiff's home. As to defendant's argument that defendant is required to reimburse plaintiff retroactively only for expenses actually incurred and that because plaintiff submitted no evidence of her actual expenses, defendant is under no obligation to pay any money, the court would note the following passage from *Hoffmann, supra* (quoting *Smith* v. *Smith* [1959], 168 Ohio St. 447, 456 [7 O.O.2d 276], which demonstrates that the law supplies a presumption:

" 'The defendant knew of the ex- istence of his obligation of support before the divorce decree, and the extent of such obligation was fixed * * * in the judgment of divorce. The mere fact that he failed to meet such obligation does not mean that he was excused therefrom; it simply means that someone assumed his duty of support, for, *in the absence of evidence to the contrary,* the court will presume that the child was clothed, fed and generally accorded the necessities of life * * *.' "

Defendant herein presented no evidence that plaintiff did not provide support; thus, the court will presume that plaintiff did in fact provide the necessities of life for her son. The figure of $50 per week assigned to such provision by plaintiff was reasonable, in accord with the weight of the evidence and not an abuse of discretion.

As to defendant's argument that plaintiff should be barred from gaining a retroactive amount for support because of her laches in bringing the matter before the court, the court finds that in domestic relations actions the doctrine of laches in equity applies only where the opponent demonstrates that he has been "materially prejudiced" by the delay of the person asserting the right and that material prejudice cannot be inferred from mere lapse of time. *Smith, supra.*

The record reveals nothing which would demonstrate that defendant was "materially prejudiced" by the delay of plaintiff in bringing her motion. The referee, although finding that $50 per week for the son's support was an amount which would have been appropriately ordered at the time the son was placed by the father with the mother, reduced the amount to $35 per week in recognition of the plaintiff's delay in asserting her rights. The court finds that the referee should not have so reduced the amount of support ordered, as the record is devoid of any showing of any prejudice whatsoever and as prejudice may not be inferred from lapse of

time. Such reduction was contrary to law *per Smith, supra.* The original order of $50 per week for the particular period of time is reinstated in accordance with law and the manifest weight of the evidence. The defendant's objection to the "retroactive" nature of the order and to the referee's failure to base the award upon actual expenses incurred is not well-taken and is overruled.

Defendant next objects that the referee erred in ordering increased child support for the two daughters of the parties alleging there was little or no evidence showing a change of circumstances since the time of the decree and that the total order of support to be paid ($130 per week total) was unreasonable in light of the defendant's earning ability. The court, having thoroughly reviewed the record, finds that the referee's determination that there has been a substantial change of circumstances, see *Stauffer* v. *Stauffer* (1965), 4 Ohio App. 2d 339 [33 O.O.2d 395]; and *Bright* v. *Collins* (1982), 2 Ohio App. 3d 421, warranting an increased level of support to be paid for the girls, was not an abuse of discretion, was reasonable, and was not contrary to law, considering the needs and resources and abilities of the non-custodian, the custodian, and the children. *Rhoades* v. *Rhoades* (1974), 40 Ohio App. 2d 559 [69 O.O.2d 488]. See, also, *Mileti* v. *Mileti* (Nov. 20, 1980), Montgomery App. No. 6617, unreported; *Bellamy* v. *Bellamy* (Nov. 10, 1981), Morrow App. No. 583, unreported; and *Pearson* v. *Pearson* (Dec. 23, 1982), Cuyahoga App. No. 44880, unreported. These objections, therefore, are not well-taken and are overruled.

Defendant also objects to the referee's inclusion of an escalation clause in the support modification order that effective one year from date of the report the amount per daughter shall be increased from $40 per week to $45 per week. Counsel for defendant has cited, and this court's research has disclosed, no pertinent Ohio case law on escalation clauses as pertaining to child support orders. Various other states' courts have addressed escalation clauses however, some stating that escalation clauses are generally proper, *Hakken* v. *Hakken* (1980), 100 Mich. App. 460, 298 N.W.2d 907, and some stating otherwise, *Picker* v. *Vollenhover* (1955), 206 Ore. 45, 290 P.2d 789; and *Karim* v. *Karim* (S.D. 1980), 290 N.W.2d 479.

The court in *Hakken, supra,* noted that escalator clauses are appropriate tools to equitably solve difficult support problems but further noted that they are necessarily dependent upon tax returns, which do not reflect ability to pay or the needs of the child. The court, however, ruled that a provision in a decree that a husband pay $50 for child support payments with annual adjustments to an amount equal to thirty percent of the husband's income after taxes for the prior year was proper.

The *Karim* court, on the other hand, found that an escalator clause based solely upon the earnings of the non-custodian is improper because it ignores the many possible changes aside from increased earnings that are relevant to the proper amount of child support. Additionally, the *Picker* court reasoned that escalation clauses are improper under the statute which provided for support modifications only on a showing of changed circumstances at the time of modification; and that such a provision ignores many circumstances relevant to the determination of proper support amounts.

In the report of the referee, the referee expressly based his order "upon the circumstances as they are found to exist * * *," but did not mention that the automatic increase per the escalation clause was based upon future potential earnings of the defendant. The court finds that the escalation clause herein as based upon *present* circumstances of the parties violates the intent and spirit of

*Cheek* v. *Cheek* (1982), 2 Ohio App. 3d 86 (applying R.C. 3109.05[A]), where the Court of Appeals for Franklin County held that modification of a child support award requires a determination of whether there has been a change of circumstances. Accord *Picker, supra.* The inclusion of the escalation clause by the referee without a basis in the testimony that a *future* change in the financial capabilities of the parties or in the needs of the children would necessarily occur was contrary to law and an abuse of discretion. The court would note that the plaintiff is free to set the case for hearing for modification upon a motion to be brought at some future time. The objection of defendant to the escalation clause is well-taken and sustained.

Defendant objects that the referee failed to reflect in his report the recommendations regarding visitation which were made at the December 13, 1983 hearing. The report shall be amended to include the following language which is the essence of the December 1983 recommendation as gleaned from the record:

"Defendant shall have visitation with the parties' three minor children from 3:00 p.m. until 6:00 p.m. on one weekend day, Saturday or Sunday, on alternating weekends for a period of four months on a trial basis beginning with New Years' weekend 1984. The parties may, after the trial period, petition the Court for reinstatement of the original visitation order or some other modification should the above-mentioned plan prove to be inadequate."

The objection is well-taken and granted as to requiring such amendment to the report.

Lastly, defendant moved the court for an order striking the court entry approving the referee's report for the reason that the court, by approving the report prior to the expiration of the fourteen-day period for filing objections to the report, is denying defendant the opportunity to object. Given that the court has entertained both written and oral argument of counsel on the objections and that the court has addressed these objections at length herein, defendant's argument is moot; the motion is not well-taken and is overruled.

*Judgment accordingly.*