**WILMER, Appellant,**

v.

**WILMER, n.k.a. Schlecht, Appellee.**

[Cite as *Wilmer v. Wilmer* (1990), 66 Ohio App.3d 713.]

Court of Appeals of Ohio,
Montgomery County.

No. 11742.

Decided June 7, 1990.

*H. Charles Wagner,* for appellant.

*Lee C. Falke,* Prosecuting Attorney, and *Janice L. Jessup,* Assistant Prosecuting Attorney, for appellee.

WOLFF, Presiding Judge.

Barry E. Wilmer and Nancy G. Wilmer (n.k.a. Schlecht) were divorced in 1980. Nancy was awarded custody of the parties' two children and Barry was ordered to pay child support. In 1985, the parties' son elected to live with Barry, who moved the court for modification of the son's custody and an order requiring Nancy to contribute to the son's support. On October 2, 1985, the trial court sustained Barry's motion, but, rather than ordering Nancy to make periodic child support payments to Barry, suspended Barry's remaining support obligation to Nancy for the parties' daughter, who continued to live with Nancy.

On December 26, 1985, the trial court found Barry in contempt for failure to pay child support, and determined that Barry's child support arrearage was $4,448.68. The court imposed a fine and sentence and ordered Barry to discharge the arrearage at the rate of $115 per month, as a condition of suspending the sentence and fine.

The parties' daughter was emancipated June 1, 1987; their son was emancipated June 1, 1988. During the year following the daughter's emancipation and prior to the son's emancipation, Nancy made no child support payments for the son, who continued to live with Barry. Barry stopped making arrearage payments in October 1988, at which time the arrearage stood at $1,065.64. On January 11, 1989, Nancy moved the trial court to order Barry to show cause why the suspended sentence should not be imposed on account of his failure to pay off the arrearage.

The matter was presented to the referee on stipulated facts. The referee recommended that the sentence remain suspended on condition that Barry forthwith resume the monthly payments of $115 until the outstanding arrearage was discharged. Barry objected to the referee's report and recommendation. The trial court overruled the objection, although monthly payments were reduced to $40.

On appeal, Barry's single assignment of error, styled "issue presented," asks:

"Whether Appellant Barry E. Wilmer is entitled to credit against support arrearages to his former wife Appellee Nancy G. Wilmer for one (1) year (June 1, 1987—June 1, 1988) when Appellee did not fulfill her support obligations to Appellant and where there are equitable considerations?"

Barry's argument, and the trial court's response to that argument, are found in the referee's report and recommendation:

"The plaintiff alleges that he does not owe most of the remaining arrearage, that is, at least $910 of the amount. The plaintiff bases his argument on the

fact that when custody of one of the minor children changed to him in 1985, a report and recommendation of referee suspended his obligation to pay child support for the minor child remaining in the defendant's custody but failed to recommend that the defendant pay support to the plaintiff since the financial resources of the parties were approximately equivalent. The amount of support being suspended at that time was $17.50 per week. The plaintiff argues that that report and recommendation implied that each was ordered to pay $17.50 per week to the other but no payment was to actually be made because the payments would offset each other. Theoretically this is correct. The report and recommendation was ultimately adopted as a court order on October 2, 1985, and that order states as follows:

"3. Plaintiff's motion for an order of support from defendant for Charles is found to be well taken and hereby sustained. However, since both parties' financial resources are fairly equivalent, plaintiff's support obligation for Lisa of $17.50 per week is hereby suspended effective with the filing of this decision and judgment[.]

"Lisa was the child in the custody of the defendant, and her date of emancipation was 6–1–87. Charles was the minor in the custody of the plaintiff, and his date of emancipation was 6–1–88. The plaintiff, therefore, argues, by reason of the court's order of October 2, 1985, that commencing with Lisa's date of emancipation the defendant owed him $17.50 per week and that he is entitled to a credit at that rate for one year of $910 against the accumulated child support arrearage. The plaintiff's defense is without merit. The plaintiff had been under an order to pay child support for both minor children to the defendant and while under that order had accumulated a substantial arrearage. An order of support from the defendant to the plaintiff was not imposed by prior court order, rather, the plaintiff's obligation to continue to pay support for the child in the defendant's custody was suspended. That finding and order was appropriate given the circumstances of the parties at the time the parties appeared before the court. The arrearage was ordered to be discharged at a given rate. The plaintiff failed to renew his request for support at the time the child in the defendant's custody was emancipated. The prior order of the court did not impose upon the defendant an obligation to commence paying support at any time in the future. Upon a change of circumstances, that is, the emancipation of Lisa, it would have been necessary for the plaintiff to petition the court for an active support order. He did not do so."

In adopting the report and recommendation, the trial court observed:

"The decision and judgment did not expressly or impliedly impose a future financial obligation on the defendant when emancipation occurred.

" * * *

"The court recognizes that the result may be considered inequitable but the court is compelled to follow the law in the present case. The plaintiff did not petition the court to alter the order as it stood."

*McPherson v. McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E.2d 675, states at the syllabus:

"Due and unpaid installments allowed by the court for the support of a minor child may not be modified."

Thus, the trial court's denial of a credit against the arrearage is in keeping with Ohio law. Barry concedes there is no case on "all fours" to support his position, but asks us to reverse on the authority of two unreported cases from this court of appeals: *Granlund v. Granlund* (June 10, 1981), Montgomery App. No. 6914, unreported, and *West v. West* (Oct. 26, 1987), Montgomery App. No. 10385, unreported, 1987 WL 19199.

In those two cases, fathers were under court order to make periodic child support payments. In each case, the father furnished support directly to the child or for the child's benefit, and did not make periodic child support payments to the mother. In *Granlund*, the father had the children substantially more frequently than provided for in the custody order; in *West*, the father paid for college tuition, books, and the like for his seventeen-year-old child. In these cases, this court approved credits against arrearages that were based strictly upon the terms of the support orders. In approving these credits, we did no more than recognize that the fathers had done what they had been *ordered* to do, *i.e.*, support their children, albeit not precisely as ordered, and that it would be inequitable to require them to pay twice. Here, as the trial court observed, Nancy was under no order, express or implied, to commence making child support payments to Barry upon the daughter's emancipation. Thus, there is a fundamental distinction between the facts of this case and those in *Granlund* and *West*. This distinction justifies a different result. We recognize, as did the trial court, that this result may be harsh. It cannot be gainsaid, however, that Barry had the means at hand to place Nancy under an affirmative court-ordered duty to pay periodic child support upon the daughter's emancipation. He must now live with the consequences of his failure to timely move the court for such an order.

The fairness of the trial court's ruling might be better demonstrated by assuming a situation where there is no arrearage, but, as here, Barry has raised the son for a period of time with no help from Nancy. Should the trial court, after the son is emancipated, for the first time order Nancy to pay Barry a sum of money for the child's support prior to emancipation? We think not. It follows that if Nancy cannot be ordered to pay Barry for his

past support of the son, her claim to arrearage should not be subject to a credit for an amount that she might have been ordered to contribute upon a timely motion for child support. In other words, Barry cannot seek to do defensively what he could not do offensively.

The assignment of error is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

WILSON and GRADY, JJ., concur.