DECISION
Sidney T. Lewis, defendant-appellant, appeals the January 31, 2000 judgment of the Franklin County Court of Common Pleas terminating child support.
On June 29, 1983, Natice D. Davis, plaintiff-appellee, filed a complaint to establish a father-child relationship between appellant and the parties' daughter, Nakia Lewis. The complaint also requested, among other things, that the court order appellant to pay reasonable child support as of the date of the child's birth. On December 16, 1983, the trial court granted a default judgment and found that a father-child relationship had been established, but it passed on all matters of child support at that time because appellant was incarcerated.
On January 21, 1987, appellee moved for child support because appellant was gainfully employed and no longer incarcerated; however, such motion was dismissed due to lack of proper service upon appellant. On July 30, 1998, appellee again moved the trial court to set child support. A guardian ad litem
was appointed to represent the interests of Nakia, and a hearing was held before a magistrate on September 21, 1998. The magistrate ordered appellant to pay child support of $156.04 per month, plus a processing charge, to be effective September 21, 1998. Appellant filed objections to the magistrate's decision on September 24, 1998, asserting that the magistrate erred in overruling his oral motion requesting appellee be granted sole custody of Nakia and that he receive no visitation rights. On October 9, 1998, the trial court overruled appellant's objections to the magistrate's decision, and adopted the magistrate's decision on October 20, 1998. Appellant filed a notice of appeal on October 22, 1998, but we dismissed the appeal in Davis v. Lewis
(Dec. 22, 1998), Franklin App. No. 98AP-1393, unreported because appellant failed to file a brief.
On December 7, 1999, appellant filed a motion to terminate child support because Nakia had attained the age of majority and had withdrawn from school on December 6, 1999. The hearing on the motion to terminate was continued several times because appellant had failed to perfect service on appellee. Finally, on January 27, 2000, a hearing on the motion was held before a magistrate. The magistrate sustained the motion to terminate child support. He also ordered that any monies impounded by the child support enforcement agency be released to appellant as of January 27, 2000. The trial court adopted the magistrate's decision by way of judgment entry on January 31, 2000. Appellant filed a notice of appeal to the trial court's January 31, 2000 judgment, and appellee did not file a reply brief. Appellant asserts the following five assignments of error:
 I. IT WAS ERROR FOR THE PLAINTIFF, NATICE DAVIS, TO MAINTAIN SIMULTANEOUS ACTIONS FOR SUPPORT, CUSTODY, AND VISITATION IN (SIC) BEHALF OF NAKIA LEWIS, AGAINST DEFENDANT, SIDNEY LEWIS, KNOWN AS CASES 83AP-4314 {APPEAL COURT NO. 2000AP-151} AND CASE NO. 97JC-1212 {APPEAL COURT NO. 99AP-814} WHICH ARE BOTH ACTIVE CASES ON APPEAL, IN VIOLATION OF U.S. CONSTITUTION'S, 14TH AMENDMENT, AND OHIO'S [SIC] CONSTITUTION'S "DUE PROCESS."
 II. THE GUARDIAN AD LITEM FAILED TO ENTER AN APPEARANCE, OR ATTEND ANY HEARINGS, IN THE INSTANT CASE TO INFORM THE COURT OF DEFENDANT'S WAIVER OF CUSTODY AND VISITATION; OR THE SUBSTANTIAL CHANGE IN THE FINANCIAL CONDITION OF THE MINOR CHILD, NAKIA LEWIS IN 83AP-06-4314, IN VIOLATION OF O.R.C. R.C. 2151.281(D)
AND R.C. 2913.01 (C)(3); AND FRANKLIN COUNTY RULES OF COURT, JUVENILE DIVISION, LOCAL RULE 27(h)[.] (EMPHASIS SIC.)
 III. THE GUARDIAN AD LITEM'S ATTEMPTS TO UNDERMINE THE SYSTEM BY FILING A MOTION TO WITHDRAW AS NO MOTION TO ENTER AN APPEARANCE WAS TIMELY FILED BY THE GUARDIAN KNOWING AN ISSUE WAS PENDING WITH THE COURT OF APPEALS CONCERNING THE G.A.L.'S FRAUDULENT WITHHOLDING OF INFORMATION, FAILING TO ENTER AN APPEARANCE IN CASE 83AP-4314, OR FAILING TO ATTEND ALL HEARINGS IN (SIC) BEHALF OF THE MINOR CHILD, NAKIA LEWIS UNTIL RECEIVING ADDITIONAL FUNDS FROM THE DEFENDANT, WHICH WERE UNEARNED FEES BY THE GUARDIAN AD LITEM IN VIOLATION OF THE OHIO AND UNITED STATES CONSTITUTIONS, 14TH AMENDMENT, "DUE PROCESS" PURSUANT TO R.C. 2913.01(A), (B), (C)(3); R.C. 2151.281(D); AND FRANKLIN COUNTY COURT'S, JUV. RULES, LOCAL RULE 27(h), AND CIV.R. 60(B), AND MERITS SANCTIONS OF CIV.R. 11. (EMPHASIS SIC.)
 IV. THE TRIAL COURT INCORRECTLY STATED ON THE ENTRY OF TERMINATION OF THE SUPPORT ORDER, FILED ON JANUARY 31, 2000, THAT THE EFFECTIVE DATE OF TERMINATION IS JANUARY 27, 2000, INSTEAD OF DECEMBER 6, 2000, WHICH IS THE DATE THAT THE CHILD ATTAINED MAJORITY AND STOPPED ATTENDING SCHOOL AND THUS EMANCIPATED PURSUANT TO O.R.C. 3111.23(4)(c). MAGISTRATE SALLY BOYD STATED ON PAGE 2, OF TRANSCRIPT IN HEARING OF 12/21/99. S. BOYD STATED THAT THE FUNDS WOULD BE HELD BY THE CHILD SUPPORT ENFORCEMENT AGENCY AND RELEASED TO THE DEFENDANT UPON TERMINATION OF THE ORDER PURSUANT TO THE OHIO AND UNITED STATES CONSTITUTIONS, 14TH AMENDMENT, "DUE PROCESS[.]" (EMPHASIS SIC.)
 V. THE TRIAL COURT WAS DIVESTED OF POWER TO GRANT THE MOTION FOR WITHDRAWAL OF THE GUARDIAN AD LITEM WHEN THE CASE WAS ACTIVELY ON APPEAL, WITHOUT PRIOR PERMISSION FROM THE COURT OF APPEALS, AND WHEN ONE OF THE ISSUES OF THE APPEAL IS THE NEGLIGENT DUTIES OF THE G.A.L. IN FAILING TO RENDER A TIMELY APPEARANCE IN THE INSTANT CASE PURSUANT TO CIVIL RULES 59 AND 60(B), THE 14TH AMENDMENT, UNITED STATES CONSTITUTION "DUE PROCESS"; FRANKLIN COUNTY RULES OF COURT, JUVENILE DIVISION, LOCAL RULE 27(h); O.R.C. 2151.281(D); AND, MAJNARIC, v. MAJNARIC, 46 Ohio App.2d 157, OR CARUSO-CIRESI, INC. v. LOHMAN, 5 Ohio St.3d 64, 448 N.E.2d 1365. (EMPHASIS SIC).
We first note that appellant has failed to argue the assignments of error separately in his brief pursuant to App.R. 16(A), and, therefore, such assignments may be disregarded by this court. See App.R. 12(A)(2). However, in the interest of justice, we will address the arguments as set forth in the statement of the assignments of error. Appellant argues in his first assignment of error that it was erroneous for appellee to maintain two separate actions for support, custody, and visitation on behalf of Nakia. However, appellant has appealed only the trial court's January 31, 2000 judgment, and the record before us does not include pleadings from any other pending case against appellant regarding Nakia. Any issues regarding other pending cases between the parties are not the subject of the present appeal. Thus, this issue is irrelevant to the January 31, 2000 judgment by the trial court. Therefore, appellant's first assignment of error is without merit and is overruled.
Appellant's second assignment of error is unclear, although he seems to claim that he suffered some prejudice when the guardian ad litem failed to attend hearings and inform the court of his waiver of custody and visitation and of a change in Nakia's financial position. However, assuming appellant's allegations are true regarding the guardian ad litem, we fail to see how appellant suffered any prejudice by the guardian adlitem's action or inaction in this respect. First, we again note that appellant has appealed only the trial court's January 31, 2000 judgment, and the guardian ad litem's actions are not related to the trial court's termination of the support order. Notwithstanding the inapplicability of this issue to the present appeal, appellant stated in his September 24, 1998 objections to the magistrate's decision that he made an oral motion at the September 21, 1998 hearing that appellee be granted sole custody of Nakia and that he receive no visitation rights. The magistrate overruled the motion, and the trial court subsequently overruled appellant's objection on that same issue. Thus, the trial court and the magistrate were clearly aware that appellant wished to waive any custody and visitation rights regardless of whether the guardian informed the court of such. Appellant also had sufficient opportunity to inform the court and magistrate regarding any "substantial change" in the financial condition of Nakia, via motion, at the hearings or otherwise. Therefore, we find appellant's second assignment of error is without merit and is overruled.
Appellant seems to argue in his third assignment of error that the guardian ad litem's motion to withdraw prejudiced him and undermined the proceedings because he had issues pending before this court regarding the guardian's conduct. However, again, appellant's notice of appeal was only with regard to the trial court's termination of child support in the January 31, 2000 judgment, and this issue is unrelated to that judgment. Further, appellant filed his notice of appeal on February 8, 2000, and the guardian ad litem did not file her motion to withdraw until three days later, on February 11, 2000. Thus, that issue does not fall under the purview of the notice of appeal and is not relevant to the present appeal. For these reasons, appellant's third assignment of error is without merit and is overruled.
Appellant argues in his fourth assignment of error that the trial court erred in making the effective date of the child support termination order January 27, 2000, instead of December 6, 1999, the day Nakia stopped attending school and three days after she reached the age of majority. Appellant also asserts under this assignment of error that the Child Support Enforcement Agency ("CSEA") erroneously gave appellee the impounded amounts instead of giving them to him as ordered in the January 31, 2000 judgment. With regard to the issue of CSEA's payment of monies to appellee, appellant claims that the magistrate stated at a hearing on December 21, 1999 that all funds submitted by appellant after December 6, 1999 would be held in escrow by CSEA and released to him upon termination of the order after he obtained service on appellee. Although appellant attached to his appellate brief a copy of the partial transcript of the hearing before the magistrate, this transcript is not properly a part of the appellate record. See App.R. 9; State v. Ishmail (1978), 54 Ohio St.2d 402; Mancino v. Lakewood (1987), 36 Ohio App.3d 219, 223. Nevertheless, from the magistrate's January 27, 1999 decision, it appears as though appellant was to receive impounded monies from CSEA. If CSEA, in fact, gave such monies to appellee instead of appellant, in contravention of the magistrate's decision and the court's judgment, appellant's remedy is via some other action to retrieve such money from appellee, and the issue is inappropriate for the purposes of this appeal, which pertains only to the correctness of the trial court's January 31, 2000 order. Therefore, appellant's fourth assignment of error is overruled in this respect.
As for the issue regarding the effective date of the termination of child support, appellant argues that the magistrate stated at the December 21, 1999 hearing, that the termination date would be the date that Nakia stopped attending high school, but the January 31, 2000 judgment by the trial court stated that the termination date was January 27, 2000, the date of the final hearing before the magistrate. Despite the lack of a properly filed transcript and an entry journalizing the magistrate's December 21, 1999 statements, it is well-established that child support is properly terminable as of the date that the child is no longer continuously attending high school after having attained the age of majority. R.C. 3103.03; Lingle v. Lingle (Aug 10, 1989), Cuyahoga App. No. 55786, unreported. Further, "law and reason support [the] conclusion that when a factual situation, in contemplation of which an order was made, ceases to exist, the legal obligation terminates at the same time and not when it is cancelled of record." Hoffmann v. Hoffmann (1972), 32 Ohio App.2d 186.
In the present case, the magistrate stated that the child support order was to terminate as of the date of the order, January 27, 2000, and not the last day Nakia attended high school after turning eighteen years old, December 6, 1999. The magistrate likely found the date of the termination insignificant given the order that appellant was to receive the impounded monies paid after December 6, 1999, regardless of the official termination date. However, although the January 27, 2000 magistrate's decision clearly states that appellant is to receive some "impounded" monies or "any" impounded money that may exist, we are unable to determine an established amount, whether such money was impounded, and whether appellant was prejudiced by the court setting January 27, 2000 as the termination date. Therefore, erring on the side of caution, the matter will be remanded to the trial court to correct the judgment entry to state that the termination date of child support for Nakia was December 6, 1999. Therefore, appellant's fourth assignment of error is sustained with regard to this issue.
Appellant argues in his fifth assignment of error that the trial court was without jurisdiction to grant the guardian adlitem's motion to withdraw without permission of this court because of the pending appeal. However, as we noted above, appellant filed his notice of appeal on February 8, 2000, and the guardian ad litem did not file her motion to withdraw until three days later, on February 11, 2000. Appellant's notice of appeal related only to the trial court's termination of child support in its January 31, 2000 judgment. Therefore, appellant may not raise this issue in the present appeal. Appellant's fifth assignment of error is overruled.
Accordingly, appellant's first, second, third, and fifth assignments of error are overruled, and his fourth assignment of error is sustained in part and overruled in part. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court to change the date of the termination of child support for Nakia to December 6, 1999. The judgement is affirmed in all other respects.
 ____________________ BROWN, J.
TYACK and PETREE, JJ., concur.