OPINION
This is an accelerated calendar appeal. Clara Colleen Thomas ("appellant") appeals a July 12, 2000 final judgment order by the Trumbull County Common Pleas Court, Division of Domestic Relations, adopting the magistrate's decision modifying a twelve-year child support arrearage.
Appellant and Michael R. Thomas, Sr. ("appellee") were married on February 16, 1981. There were three children born as issue of their marriage, Michael Jr., Daniel, and Crystal.[1] On February 16, 1988, appellant filed an amended complaint for divorce alleging extreme cruelty and gross neglect of duty.[2] On June 22, 1988, appellee filed an answer to the complaint for divorce denying the allegations and denying that he was the natural father of Crystal.
On July 27, 1989, the trial court entered a final order and decree of divorce. Appellant was granted permanent legal custody of the three minor children. Appellee was ordered to pay $385 per month in child support for the three children, including Crystal, because he admitted to the paternity of Crystal in an earlier proceeding.
Throughout the next several years, numerous motions were filed by both parties concerning the court ordered visitation and court ordered child support.[3] On November 19, 1993, in a judgment order, the trial court modified appellee's child support payments and reduced them to $150 per month for the three minor children.[4]
The parties continued filing various motions with the court. On May 27, 1994, appellee filed a motion requesting that he be designated the residential parent and legal custodian of Michael Jr. with appellant taking over child support payments for Michael Jr. upon the change of custody. In his motion, appellee also moved the court to hold appellant in contempt of the visitation order.
More than six years after appellee filed his answer to the divorce complaint denying that he was the natural father of Crystal, on August 22, 1994, appellee filed a Civ.R. 60(B) motion to vacate and set aside, or, in the alternative, to modify, the July 28, 1989 final judgment and decree of divorce and all subsequent judgments and orders relating to Crystal. Appellee requested a paternity test to prove that he was not the natural father of Crystal.
On August 25, 1994, a hearing was conducted in which the trial court made appellee the residential parent and legal custodian of Michael Jr. Both parties agreed that the child support would be recalculated on April 15, 1995, relating back to August 25, 1994, with the child support owed by appellant for Michael Jr. to be offset against appellee's arrearage.[5]
On January 27, 1999, appellant filed a motion for the court to order appellee to submit to the paternity testing as he requested to show that he was not the natural father of Crystal. That same day, a hearing was held before a magistrate. The magistrate's decision stated that the parties failed to follow through with the paternity testing from 1989 to the present. The magistrate further noted that the issue of child support was complicated because of the failure to file a subsequent judgment entry concerning the child support payments after appellee was granted permanent legal custody of Michael Jr. in 1994.
On July 21, 1999, in a judgment entry, appellee was found in contempt of the court's orders for his failure to pay child support; however, appellee was given the option of purging the finding of contempt by making certain payments, including $2,000 to appellant for the child support arrearage. The court also ordered the parties to proceed with paternity testing.
On August 18, 1999, another hearing was conducted before a magistrate. In a decision filed August 31, 1999, the magistrate found that appellee complied with the purge order by making the necessary payments. However, the issue of child support would not be addressed because it was pending the paternity test results.
On December 3, 1999, another hearing was held before a magistrate. The paternity evaluation report found a zero percent probability that appellee was the natural father of Crystal. Consequently, the magistrate advised counsel to submit briefs concerning the issue of when appellee's obligation to support Crystal should terminate as a matter of law/equity. Counsel was also advised to set forth child support computations to correspond to the parties' income from August 22, 1994 to the present using a split custody calculation. On December 20, 1999, the trial court entered a judgment order adopting the magistrate's decision. Both parties submitted their briefs concerning the issue of the child support arrearages.
On July 6, 2000, the magistrate rendered a decision finding appellant's reiteration of the facts to be essentially correct as to the amount of child support that he owed. The magistrate emphasized that there was "utter neglect" by both parties as to the issue of Crystal's paternity testing and the recalculation of child support after appellee was granted legal custody of Michael Jr. in 1994. The magistrate also stated that the best thing that the court did was to order appellee to pay $2,000 towards any child support arrearages, which he did pay on August 18, 1999. The magistrate added that, given the parties actions starting from August 25, 1994 to the present, equity dictates that they should be left as they were found. The magistrate also noted that appellant more than likely knew that Crystal was not appellee's child. Finally, the magistrate found that after August 25, 1994, each of the parties had one minor child born as issue of their marriage to support and both parties had relatively equal earnings starting from 1994 up to appellant's disability.[6]
As a result, the magistrate ordered that any child support arrearages owed by appellee up to November 30, 1999, would be extinguished; however, appellee was required to pay $3,171 in child support reflecting his failure to pay from December 12, 1999 through June 30, 2000 for Daniel.[7] On July 12, 2000, the same day that the magistrate filed his decision, the trial court filed a judgment order adopting the magistrate's decision.
Appellant filed a timely notice of appeal asserting one assignment of error:
 "The trial court erred to the prejudice of plaintiff-appellant in Retroactively Extinguishing Appellee's Twelve (12) year `In-Gross' Child Support Arrearage."
 Appellant presents four separate arguments for review within her sole assignment of error. First, appellant contends that the trial court does not have authority to retroactively extinguish twelve years of child support arrearages. Specifically, appellant asserts that the trial court did not link the modification of child support to any significant event and failed to recalculate the arrearages owed in relation to a significant event.
Second, appellant claims that the trial court abused its discretion when it granted retroactive relief to appellee because appellee's voluntary acts and inexcusable neglect do not warrant such relief. Appellant argues that appellee voluntarily slept on his rights and delayed the determination of parentage and modification of child support; therefore, appellee's actions do not warrant retroactive relief.
Third, appellant argues that the trial court abused its discretion when it arbitrarily extinguished appellee's twelve-year child support arrearage because it was not based upon or in accordance with any reason or standard. Appellant argues that the court did not recalculate child support in relation to any financial information, in relation to any event or occurrence, or in relation to any motion, pleading, or hearing.Finally, in appellant's fourth argument, appellant asserts that the trial court did not have authority to retroactively modify the "in-gross" child support order pursuant to a Civ.R. 60(B) motion. Appellant argues that appellee voluntarily did nothing for six years until 1994 when he filed for relief and for genetic testing; therefore, appellee's actions cannot serve as a basis for a Civ.R. 60(B)(4) motion for relief.
In reviewing matters concerning child support, an appellate court must determine whether the trial court abused its discretion. Haas v. Haas
(Dec. 31, 1997), Geauga App. No. 96-G-2034, unreported (citing Booth v.Booth [1989], 44 Ohio St. 142, 144). Abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court is not free to substitute its judgment; rather, it must be guided by the presumption that the findings of the trial court are correct. In re JaneDoe 1 (1991), 57 Ohio St.3d 135.
In resolving appellant's first argument, we begin with a review of the law as to whether or not a trial court has the power to retroactively modify accrued and unpaid child support. We answer in the affirmative.
The Supreme Court of Ohio has held that child support cannot be modified retroactively. McPherson v. McPherson (1950),153 Ohio St. 82.[8] R.C. 3113.21(M)(3) codified this holding; however, R.C. 3113.21(M)(4) allows for retroactive modification of child support provided the necessary requirements are satisfied. R.C. 3113.21(M) provides, in part:
 "(3) Except as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment.
 "(4) A court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify
the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered." (Emphasis added.)
 Pursuant to R.C. 3113.21(M)(4), this court has held that "Ohio case law has interpreted this statute to mean that if a court determines that the evidence supports a modification, it can make the modification order effective anytime on or after the date the motion for modification was filed." (Emphasis added.) Ober v. Ausra
(Dec. 15, 1995), Portage App. No. 95-P-0066, unreported, at 6; Charlton v. Charlton (Dec. 15, 1995), Geauga App. No. 95-G-1921, unreported; Tobens v. Brill (1993), 89 Ohio App.3d 298, 304; State ex rel. Draiss v. Draiss
(1990), 70 Ohio App.3d 418, 421; Murphy v. Murphy
(1984), 13 Ohio App.3d 388. Thus, a trial court's determination to retroactively modify child support is a matter within its sound discretion, and it will not be reversed absent an abuse of that discretion.
In the case sub judice, on August 22, 1994, appellee filed a motion to modify the child support as it related to Crystal. Pursuant to R.C.3113.21(M)(4), as of that date, appellant was put on notice that child support payments may be modified. A few days later, during the hearing before the magistrate on August 25, 1994, appellant was again placed on notice that the child support payments would be modified. At this hearing, both parties agreed that the child support payments would be recalculated because of the change in legal custody of Michael Jr. The court emphasized that the actual recalculation of child support would be prolonged until April 15, 1995; however, the modification would relate back to the date of this hearing. The court added that on April 15, 1995, the amount of child support that appellant owed for Michael Jr. would be offset against appellee's past arrearages.
Therefore, pursuant to R.C. 3113.21(M)(4), in its July 12, 2000 judgment order, the trial court was within its authority to modify the child support order retroactively on or after August 22, 1994. The trial court considered August 22, 1994 and/or August 25, 1994, as significant events by which to modify the child support and to recalculate the arrearages by both parties.[9] Thus, appellant's first argument is without merit.
Appellant's second, third, and fourth arguments focus on the merits of the magistrate's decision filed on July 12, 2000. The trial court adopted the magistrate's decision the same day.[10] However, upon review of the record, appellant did not file objections to any of the magistrate's findings of fact and/or conclusions of law.
Civ.R. 53(E) provides, in relevant part:
 "(3)(a) * * * Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. * * *.
 "(b) * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.[11]
 "(4)(a) * * * The court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision.
 "(c) * * * The court may adopt a magistrate's decision and enter judgment without waiting for timely objections by the parties * * *." (Emphasis added.)
 In State ex rel. Booher v. Honda of Am. Mfg., Inc. (2000), 88 Ohio St.3d 52, 53-54, the Supreme Court of Ohio held that, pursuant to Civ.R. 53(E)(3)(b), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion as required under the rule. This court has been faced with this same issue numerous times. This court has held that "[i]t is well-settled law in Ohio that if a party fails to object to a conclusion of law or finding of fact issued by a magistrate, the party is precluded from then raising the issue for the first time on appeal." In re Stevens (Nov. 17, 2000), Trumbull App. No. 99-T-0066, unreported, at 5; Caskey v. Lordstown Dev. Corp. (July 14, 2000), Trumbull App. No. 99-T-0034, unreported; Nadaud v. Nadaud (Mar. 31, 2000), Trumbull App. No. 99-T-0087, unreported; Zumock v. Zumock (Sept. 26, 1997), Portage App. No. 96-P-0180, unreported; Waltimire v. Waltimire (1989), 55 Ohio App.3d 275.
In Zumock, supra, we held that appellant waived his right to argue his issue on appeal because he failed to file objections to the magistrate's decision as required by Civ.R. 53. The trial court adopted the magistrate's decision, which granted appellant's motion to retroactively modify his child support obligation. Id. On appeal, appellant asserted error as to the date the modification took effect; however, appellant failed to file any objections to the magistrate's decision. Id.
Nevertheless, as a precautionary measure, Civ.R. 53(E)(4)(a) permits a trial court to adopt the magistrate's decision where no objections are filed unless the court determines that there is "an error of law or other defect on the face of the magistrate's decision" in which the court is not obligated to adopt that decision. See, Caskey v. Lordstown Dev.Corp., supra. In clarifying the purpose behind division (E)(4)(a), the staff notes of Civ.R. 53 provide that "* * *a magistrate's decision to which no objection is made may be adopted unless there is apparenterror; [however], the judge is no longer required to conduct an independent review and make a determination himself or herself." 1995 Staff Notes to Civ.R. 53. (Emphasis added.) Thus, prior to adopting a magistrate's decision, a trial court may conduct a cursory examination and review of the magistrate's decision for any obvious errors. GroupOne Realty, Inc. v. Dixie Internatl. Co. (1998), 125 Ohio App.3d 767.
In the case before us, although the trial court adopted the magistrate's decision the same day that it was filed, pursuant to Civ.R. 53(E)(3)(a) and (4)(c), appellant could have filed objections within fourteen days after the magistrate's decision was filed. This would have operated to suspend the trial court's judgment entry until it ruled on her objections. However, appellant failed to file any objections. Consequently, pursuant to the Supreme Court's ruling in Booher, we are precluded from reaching the merits of appellant's second, third, and fourth arguments concerning the magistrate's findings of fact and conclusions of law.
Nevertheless, pursuant to Civ.R. 53(E)(4)(a), the trial court was obligated to conduct a sufficient review of the magistrate's decision prior to adopting it. Upon review of the record before us, there exists extensive documentation of information concerning the parties' actions beginning in 1988 when the complaint for divorce was filed. The judgment order impliedly refers to the fact that Civ.R. 53(E)(4)(a) was satisfied prior to the trial court's adoption of the magistrate's decision. Specifically, the judgment order states: "[t]he Court finds that the magistrate's decision complies with the requirements of the Rules and the Ohio Revised Code for the Court to review the same, and that there are no errors on the face of the decision." Upon examination, we conclude that there are no apparent errors on the face of the magistrate's decision; thus, the trial court properly adopted the magistrate's decision without modification.For the foregoing reasons, appellant's sole assignment of error and arguments therein are overruled. The judgment of the Trumbull County Common Pleas Court, Division of Domestic Relations, is hereby affirmed.
________________________________ JUDGE DIANE V. GRENDELL
O'NEILL, P.J., CHRISTLEY, J., concur.
[1] Michael Jr., born November 14, 1980; Daniel, born June 11, 1982; Crystal, born February 7, 1988.
[2] Appellant originally filed a complaint for divorce on January 19, 1988; however, the year of marriage was incorrectly stated.
[3] On November 20, 1992, appellee filed a motion to hold appellant in contempt for failing to comply with visitation. On December 9, 1992, appellant filed a motion to hold appellee in contempt for failing to comply with child support. The same day, appellant filed a motion to modify visitation because appellee threatened to take the children to Canada. On September 10, 1993, appellant filed another motion to hold appellee in contempt for failing to comply with child support. On September 21, 1993, appellee filed a motion to hold appellant in contempt for not complying with visitation.
[4] Appellant became gainfully employed in August 1993 as a registered nurse and appellee began a job program in Canada.
[5] The reason for this delay was to allow appellee to get his income records from his Canadian business. The court emphasized that the modification of child support determined on April 15, 1995 would relate back to August 25, 1994.
[6] The record is not clear as to when appellant became disabled.
[7] Daniel became emancipated on July 1, 2000.
[8] In McPherson, thirteen years after a final divorce decree ordering the father to pay child support, the father filed a motion in the juvenile court for an order reducing the child support that had accrued over the years. The Supreme Court held that the juvenile court had no jurisdiction to modify the father's already accrued and unpaid child support before the motion. Id. at 92.
[9] Both parties submitted briefs concerning the mathematical calculations of child support arrearages. The magistrate stated that appellant was correct as to the amount of child support that he owed.
[10] Civ.R. 53(E)(4)(c), infra, permits a trial court to adopt a magistrate's decision without waiting for the fourteen-day period for the parties to file timely objections. Hurst v. Liberty-Bel, Inc. (1997),117 Ohio App.3d 138. Regardless of the fact that a trial court adopts a magistrate's decision before the fourteen-day period, a party may still file timely objections to the magistrate's decision. Id.
[11] The staff notes of Civ.R. 53 provide that "[d]ivision (E)(3)(b)* * * reinforces the finality of the trial court proceedings by providingthat failure to object constitutes a waiver on appeal of a matter whichcould have been raised by objection."