### NICHOLS *v.* NICHOLS.

DIVORCE—MODIFICATION OF DECREE—SUPPORT OF CHILDREN.

> Order amending decree of divorce so as to require plaintiff husband to continue making payments of $100 per month until second, instead of oldest, of 3 children shall reach 17 years of age or graduate from high school is affirmed, where it appears that husband's gross income has nearly doubled and mother's earning capacity is limited to from $10 to $12 per week in 6-year period since original decree.

Appeal from Wexford; Holbrook (Donald E.), J., presiding. Submitted January 10, 1958. (Docket No. 39, Calendar No. 47,388.) Decided March 4, 1958.

Subsequent to decree of divorce granted John Wayne Nichols from Dorothy Nichols, the plaintiff petitioned for modification and clarification of decree in respect to support money for minor children. Order entered directing continuance of payments in same amount. Plaintiff appeals. Affirmed.

*Earl J. Demel,* for plaintiff.

*H. Murray Campbell,* for defendant.

KELLY, J. Plaintiff and appellant in April, 1956, petitioned the court for modification of a divorce decree previously granted in 1950, said decree grant-

---

REFERENCES FOR POINTS IN HEADNOTES
17A Am Jur, Divorce and Separation §§ 861, 862.

ing to the mother custody of 3 minor children and ordering appellant (father) to pay $100 per month toward the support and maintenance of said children.

After the hearing on said petition the circuit judge, Hon. Donald E. Holbrook, rendered his opinion and an order was entered thereon amending the decree of divorce. It is from this order that this appeal is taken.

A review of the appendices and briefs submitted in this appeal causes this Court to sustain the circuit court's opinion and order amending decree, and in justification of such conclusion we set forth the following from said opinion:

"It is to be noted that the support and maintenance paragraph (in the decree) provided the $100 per month was to be paid until the further order of the court. In February, 1956, John, the eldest child, became of age. Petitioner has requested the court to reduce the support money payments and to give him credit for the reduction after February 21, 1956. There is no question but what John at that time was self-supporting. Originally the defendant also petitioned the court to have the support money payments increased, but upon the hearing requested permission to withdraw that petition, stating that she was desirous only of contesting the petition of her former husband to reduce the payments. Also preceding the hearing the friend of the court, Paul B. Wyman, had an order to show cause directed to the plaintiff, why he should not be held in contempt of court for failure to pay certain support money payments which were alleged to have been in arrears. The court preceding the hearing went into the matter of the amount due and made an order, stating the amount due and requring the same to be paid before the hearing proceeded on plaintiff's petition. At that time the court said if there was a modification, that is, a reduction in the support money payments,

that it would take the same into consideration and give plaintiff credit for any payments made after February 21, 1956. In the meantime the $100 per month was to be paid as originally ordered in the decree, together with a $25 rental payment which was provided for in the original decree as a part of the property settlement.

"This case appears to be easy of deciding for the reason that at the time of the divorce the plaintiff was earning approximately $2,750 per year gross. As of the present time, or as of the date of the hearing he was earning $5,100 per year gross, nearly twice as much income. Defendant is earning very little money, between $10 and $12 a week. She is unable to earn more because of her duties at home taking care of the children and her incapacities. The eldest child at home at the present time, Helen, is working part time, in addition to attending high school. She is doing very well at both jobs, but her earnings are very meager and are used mainly for clothes for herself and spending money which a young girl in senior high school from time to time necessarily must have.

"The court feels in view of the fact that the plaintiff is earning nearly twice as much money now as compared to when the decree was granted, and because of the fact that the defendant cannot contribute any of her income towards the support of the children, that the plaintiff is dealt with very fairly in leaving the support award at the same amount, $100 per month. The court does not feel that this is more than adequate for the needs under the circumstances. The court will also modify the decree so that this $100 per month will be paid by the plaintiff until Helen graduates from high school, or is 17 years of age, whichever is longer. Also that the custody of the minor children will be awarded to the mother until they shall arrive at the age of 17, or graduate from high school, whichever is longer. In the event the plaintiff has the children for a 1-month period in the summer time, he may have that

monthly payment waived. The court feels that this is all that is needed in deciding this matter.. Costs in the amount of $35 will be awarded to the de-'fendant.

"(Sgd.) DONALD E. HOLBROOK,
Circuit Judge.

"Dated: April 12, 1957."

.. Affirmed. Costs to appellee.

DETHMERS, C. J., and CARR, SMITH, BLACK, ED-WARDS, VOELKER, and KAVANAGH, JJ., concurred.