ASZTALOS, APPELLANT, *v.* FORTNEY, APPELLEE.

(No. 7916—Decided June 6, 1975.)

*Mr. Martin J. Holmes,* for appellant.

*Mr. Jeffrey I. Goldstein,* for appellee.

WILEY, J.   This appeal is from a lump sum judgment for child support arrearage entered by the Juvenile Court, domestic relations division, on December 17, 1974. The record indicates that a divorce and custody of four minor children was granted the defendant, the appellee

herein, on June 28, 1966. Child support was originally established at page two, provision three, of the divorce decree, as follows:

"That he can and will continue to pay to wife a minimum of Sixty-five ($65.00) Dollars per week for support of Michael, Barbara, Carole and Ronald Asztalos, the minor children of the parties, said payments together with poundage to be paid through the Toledo Humane Society, and upon the aforesaid representations and agreement of husband, wife has agreed to accept Sixty-five ($65.00) Dollars per week for support said minor children with right reserved to seek modification of said payments by Juvenile Court."

The plaintiff, appellant herein, Steven Asztalos, reduced his child support payments on a pro rata basis when his minor child, Michael, became emancipated, and further reduced the child support payments on a pro rata basis when there was a change of custody of his minor child, Barbara, from the defendant to himself. These reductions were made on a self-basis by the plaintiff and were without application for modification to the Juvenile Court.

On June 22, 1970, and thereafter, he reduced his support payments, by reason of the emancipation of his minor son, Michael, from $65 a week to $49 a week. Furthermore, after the custody of his minor daughter, Barbara, was granted to the plaintiff and after Barbara had moved into his home in May of 1971, he further reduced the weekly support payment from $49 per week to $32.50 per week. (During proceedings in the trial court, as of March 30, 1973, the custody of a third minor child, Carole, was changed from the defendant to the plaintiff.)

On September 22, 1972, the defendant filed a motion in the Juvenile Court for a lump sum judgment. After extended hearings, the referee filed his report, and upon consideration of the same and upon consideration of the memorandum filed and testimony adduced, and upon the evaluation of the transcript of proceedings, judgment was entered on behalf of the defendant granting a lump sum

judgment against plaintiff. In computing the amount of the lump sum judgment, the trial court reduced the original $65 per week order in the sum of $8 per week by reason of the emancipation of the minor son, Michael, from June 15, 1970, and further reduced the original order in the further sum of $9.50 as of April, 1971, due to the change of custody of the minor child, Barbara.

The plaintiff sets out four assignments of error, to wit:

*"First Assignment of Error*

"The court erred in not reducing pro-rata the child support obligation of the plaintiff, upon the emancipation of one (1) child, and upon the awarding of custody to the plaintiff of another child of the parties.

*"Second Assignment of Error*

"The court erred by making a retrospective modification (increase) in child support payments.

*"Third Assignment of Error*

"The court erred in its admission of the referee report of Sue N. Rauh which was prejudicial to the plaintiff.

*"Fourth Assignment of Error*

"Notwithstanding the foregoing assignments of error, the court erred mathematically by its determination of the arrearage owed to the defendant."

The defendant filed no cross appeal and set forth no assignments of error.

As to the second assignment of error, we do not find that the court made a retrospective modification by increasing the child support payments, but on the contrary, find that the court made a retrospective modification by reducing the payments. This assignment of error is found to be without merit. We further find that the consideration by the court of the referee report of Sue N. Rauh, which was not verified by the referee, was not prejudicial in any way to the plaintiff (appellant), and the third assignment of error is found not well taken.

Upon a careful examination of the computations made by the referee, we find no mathematical errors therein and the fourth assignment of error is, likewise, found not well taken.

This leaves the sole remaining question of whether or not the court erred in failing to reduce *pro rata* the child support obligation of the appellant. We find no error in this respect.

As stated in Meier's Ohio Family Law, Section 29.8 (1963):

"The proper practice in securing a modification of a support order requires the filing of an application or motion in the original divorce action by the party seeking modification. It is the function of such application or motion to advise the court and the opposite party of the conditions relied upon as justifying the modification of the order for support. * * *"

The plaintiff made no application to the court for a reduction of payments until after the defendant made a motion for a lump sum judgment. There is a respectable body of law in which the courts have stated that in the absence of an application for modification, the trial court is without authority to make any retroactive modification. See 24 American Jurisprudence 2d 968, Divorce and Separation, Section 853; annotation 6 A. L. R. 2d 1283, Section 3 and following; annotation 95 A. L. R. 2d 126, Section 4; *Verbeke* v. *Verbeke*, 352 Mich. 632, 90 N. W. 2d 489.

The precise point in question herein seems to be one of first impression in Ohio. R. C. 2151.23(D), provides:

"The juvenile court has jurisdiction to hear and determine all matters as to custody and support of children duly certified by the court of common pleas to the juvenile court after a divorce decree has been granted, including jurisdiction to modify the judgment and decree of the common pleas court as the same relate to custody and support of the children."

We find that the equities of a multiple child support case should be controlling and, if a substantial change in material circumstances has taken place since the original decree was entered, the juvenile court should be able, upon proper hearing, to modify a multiple child support order retroactively. Under all of the circumstances of the case *sub judice*, the trial court did not abuse its discretion in making the modifications which it did; on the contrary,

the modifications made were most reasonable. The trial court properly reviewed the entire order and took into consideration the change in circumstances, not only in regard to the emancipation of the child, Michael, and the change of custody of the other minor children, but also defendant's remarrying and the considerable increase in plaintiff's compensation after the original decree. *Frost* v. *Frost*, 155 S. W. 2d 895; *Kuyper* v. *Kuyper*, 244 Iowa 1, 55 N. W. 2d 485; *Nichols* v. *Nichols*, 351 Mich. 159, 88 N. W. 2d 411; annotation 89 A. L. R. 2d 88, Section 34.

Inasmuch as the defendant filed no cross appeal from the decision of the trial court granting a lump sum judgment in a reduced amount for child support, by reducing the same retroactively, it is not necessary for us to harmonize our decision herein with the pronouncements of law by the Supreme Court of Ohio in the case of *McPherson* v. *McPherson* (1950), 153 Ohio St. 82, the syllabus of which reads as follows:

"Due and unpaid installments allowed by the court for the support of a minor child may not be modified."

See, also, *Smith* v. *Smith* (1959), 168 Ohio St. 447 and *Sexton* v. *Sexton* (1971), 32 Ohio App. 2d 344. Nevertheless, we point out that the facts herein are distinguishable from these cited cases in that the original child support order in the case *sub judice* was for four children without designating specific amounts per child. Furthermore, one of four children became emancipated and the custody of a second child was changed from the wife to the husband.

Had a cross appeal been filed, under the circumstances of the case herein, the words of Justice Zimmerman in his dissenting opinion in the case of *Tullis* v. *Tullis* (1941), 138 Ohio St. 187, at 198, would have been particularly appropriate:

"From an examination of many cases, I am satisfied that the weight of authority today upholds the proposition that a divorce decree providing for alimony and/or the support of minor children, payable in installments, may be subsequently modified to increase or decrease the pay-

ments according to changing circumstances, notwithstanding it is based on an agreement of the parties, embodied in the decree."

And, also, at page 200:

"In this modern day the 'best interest' of the child is of primary importance (Section 8033, General Code), and it has been held by this court that an order or judgment as to the custody or support of minor children is a continuing one, subject to alteration under varying conditions. No reservation, of the power to modify, in the original order is necessary. *Neil* v. *Neil*, 38 Ohio St., 558; *Rogers* v. *Rogers*, 51 Ohio St., 1, 36 N. E., 310. And this is so, regardless of an agreement between the parents judicially approved. *Corbett* v. *Corbett, supra* (123 Ohio St., 76, 174 N. E., 10). From these pronouncements it should logically follow that the proper court has inherent power to modify in *any* just or reasonable manner, a former decree embracing the support of children."

See, also, *McPherson, supra* at page 92, Justice Zimmerman dissenting.

This court finds that the plaintiff was not prejudiced or prevented from having a fair trial, and the judgment of the Juvenile Court is affirmed. This cause is remanded to such court for the execution of judgment and for costs.

*Judgment affirmed.*

BROWN, P. J., and COLLER, J., concur.

COLLER, J., retired, of the Court of Common Pleas of Wood County, was assigned to active duty under authority of Section 6(C), Article IV, Constitution, in the Sixth Appellate District.