**LYTLE, Appellant,**

v.

**LYTLE et al., Appellees.**

[Cite as *Lytle v. Lytle* (1998), 130 Ohio App.3d 697.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 98AP–355.

Decided Dec. 15, 1998.

David A. Colley, for appellant.

Tara Lytle, pro se.

Roberta Yoder, for appellee Franklin County Child Support Enforcement Agency.

---

MASON, Judge.

Plaintiff-appellant, Robert L. Lytle, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, which ordered him to pay $10,800.68 in back child support to his former wife, defendant-appellee, Tara Lytle. The Franklin County Child Support Enforcement Agency is also a party to this appeal. For the reasons that follow, we affirm the judgment of the trial court.

Appellant and appellee were granted a divorce on March 31, 1986. The decree of divorce granted appellee custody of the parties' four children: Cheri Lynn, Robert Lee, Mark Raymond, and Joseph Elvin. The decree also provided:

"[Appellant] shall pay to the [Appellee] * * * the sum of Thirty–Five Dollars ($35.00) per week per child as and for child support. So long as [appellee] shall have custody of said children, child support shall continue until the age of eighteen (18) years or until said child graduates from high school * * *."

On September 21, 1987, appellant filed a motion for change of custody, requesting that the court grant him custody of Robert and Mark. In a decision dated December 21, 1987, Robert elected to have appellant named as his custodian. However, the issue of custody as to Mark was continued.

Appellant filed a motion for modification of child support on February 5, 1988. On June 27, 1988, the court adopted the parties' agreed interim support agreement, which provided:

"The parties agree that effective June 24, 1988 the child support of $105.00 per week shall be deducted from the Huntington National Bank checking account of Robert Lytle."

In a decision filed October 13, 1988, the domestic relations court referee overruled appellant's motion for change of custody as to Mark and granted appellee's motion for modification of child support. Appellant's child-support obligation was increased to $159.38, plus poundage, per week in accordance with the new statutory guidelines. The referee determined that appellant had a naturally occurring arrearage of $1,903.30 as a result of her decision and ordered appellant to pay $20 per week until the arrearage was liquidated.

On September 20, 1989, appellant was granted custody of Cheri as a result of a proceeding in the Franklin County Juvenile Court. Appellant's payment record from the Franklin County Child Support Enforcement Agency ("CSEA") indicates that beginning September 11, 1989, $53.12 was withheld from appellant's payments and placed into escrow. At that time, appellant's payments were withdrawn directly from his bank account through electronic transfer. At trial, a copy of a CSEA printout, dated December 12, 1989, was introduced into evidence. On the bottom of this printout is a handwritten note from Ms. Wilson, a CSEA employee, stating that appellant should have his attorney provide CSEA with an order to disburse the amounts withheld in escrow. On February 21, 1990, appellant filed a motion to terminate child support as to Cheri and for release of the monies held in escrow. At a hearing on April 3, 1990, the parties informed the court that an agreement had been reached as to appellant's motion. However, on June 27, 1990, the court dismissed appellant's motion for failure to submit an agreed entry.

Subsequently, rather than filing a motion for modification, appellant attempted to resolve the matter by telephone with CSEA employee Vince Perez. Appellant testified that Perez informed him that he could close his bank account to stop the electronic transfer and send the payments directly to CSEA. Appellant testified that Perez instructed him to pay $64.13 per week per child for the two remaining minor children. As evidence of this conversation, appellant submitted a note he had written to himself, dated July 12, 1990. Thereafter, beginning July 24, 1990, without a court order modifying the court-ordered child support, appellant began sending $128.25 per week to CSEA as child support for Mark and Joseph.

There was no activity in this case between 1990 and 1995. However, on January 19, 1996, CSEA conducted a periodic review of appellant's child-support payments. The agency found that a recalculation of support did not yield a ten-percent deviation in the existing child-support order and issued a recommendation that no change occur in the existing order. Appellee requested an administrative hearing to challenge the recommendation. The hearing officer recom-

mended that no change in child support be made and that the existing child support of $159.38 per week was correct according to the statutory guidelines. Appellee then objected to the administrative hearing officer's findings and filed a request for a court hearing on April 23, 1996. On October 4, 1996, the magistrate dismissed the objection for appellee's failure to appear.

Appellant then filed a motion to determine arrearage on February 20, 1997. Appellant filed this motion after receiving a notice from CSEA informing him that he had an arrearage of $10,800.68. Appellant filed a motion to join CSEA as a party to the action; the motion was granted. In a decision filed January 22, 1997, the magistrate determined that the last child-support order on record was an order in gross and that appellant had an arrearage of $10,800.68 as of January 13, 1997.

Appellant filed an objection to the magistrate's decision, arguing that the child-support order was per child, and that, therefore, the magistrate's order was incorrect. The trial court adopted the decision of the magistrate, finding that, while the original divorce decree set forth a per-child order, the subsequent order of June 27, 1988 changed the child-support order to an order in gross. Appellant filed the instant appeal, asserting one assignment of error:

"The trial court erred in overruling the objection of appell[ant] to the report and recommendation of the magistrate."

It is well settled that, in a domestic relations case, a trial court must have the discretion to do what is equitable based upon the facts and circumstances of the case. *Briganti v. Briganti* (1984), 9 Ohio St.3d 220, 9 OBR 529, 459 N.E.2d 896. A reviewing court is limited to determining whether, considering the totality of the circumstances, the trial court abused its discretion. *Focke v. Focke* (1992), 83 Ohio App.3d 552, 615 N.E.2d 327. The term "abuse of discretion" connotes more than an error in law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482–483, 450 N.E.2d 1140, 1142. When applying the abuse-of-discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court, but must be guided by the presumption that the findings of the trial court are correct. *In re Jane Doe* (1991), 57 Ohio St.3d 135, 566 N.E.2d 1181.

Notwithstanding the challenge as to whether the child-support order is in gross or per child, appellant has not challenged the mathematical calculations or figures of child-support arrearage ordered by the trial court. As a result, we will not delve into that issue. Appellant argues that the child support-order is a per-child order and not an in gross order. In-gross child-support orders are orders

for one amount of child support entered for multiple children, as opposed to a specific, or per-child order, which specifies an amount of support for each child.

In *Roberts v. Roberts* (July 17, 1998), Trumbull App. No. 97–T–0125, unreported, 1998 WL 553514, the Eleventh District Court of Appeals held:

"[T]rial courts must calculate child support arrearage on the basis of the express language of the original support order, and may not recalculate the arrearage upon consideration of additional factors which were not expressly referenced in the original order."

In the case at bar, the original order from the divorce decree was a per-child order. However, the trial court held that this order was subsequently modified by the agreed entry on June 27, 1988. To follow the reasoning of *Roberts* would, in effect, make child-support orders unmodifiable. We find that a better procedure is that the trial court must calculate a child-support arrearage on the basis of the express language of the most recent court entry relating to the issue of child support. This would allow the court to change a per-child order to an in-gross order or vice versa. Accordingly, upon a review of the record, we cannot find that the trial court abused its discretion in finding that the support order in the case at bar was an in-gross order.

Appellant further argues that the trial court failed to properly find that the child-support payment for Cheri abated when custody of Cheri was transferred to appellant. Appellant argues that the trial court should retroactively modify the child support to exclude the child support owed for Cheri after custody was transferred to appellant. Pursuant to R.C. 3113.21(M)(3), "a court may not retroactively modify an obligor's duty to pay a delinquent support payment." Furthermore, in *McPherson v. McPherson* (1950), 153 Ohio St. 82, 41 O.O. 151, 90 N.E.2d 675, the Supreme Court held that due and unpaid installments allowed by the court for the support of a minor child may not be modified.

In *Asztalos v. Fortney* (1975), 48 Ohio App.2d 66, 2 O.O.3d 45, 355 N.E.2d 517, the Sixth District Court of Appeals held that a trial court could retroactively modify an in-gross child-support order for four children, when one child became emancipated and the custody of a second child was transferred from husband to wife. In *Asztalos*, the father unilaterally reduced an in-gross support order on a pro rata basis. The court retroactively modified the award to take into account the emancipation of the one child and the change in custody of another. See, also, *Hoffmann v. Hoffmann* (1972), 32 Ohio App.2d 186, 61 O.O.2d 205, 289 N.E.2d 397, wherein the court held that emancipation of a child competent to support itself discharges a parent from the obligation of support.

However, other appellate courts have declined to follow *Asztalos* and have refused to retroactively modify in-gross support orders. In *Swartz v. Roush*

(Nov. 25, 1986), Fairfield App. No. 31–CA–86, unreported, 1986 WL 13954, the Fifth District Court of Appeals upheld a similar in-gross order. The father in *Swartz* unilaterally reduced the child-support payment he made to the mother by a pro rata share as each of his children became emancipated. The Fifth Appellate District upheld the trial court's refusal to retroactively modify the in-gross award in this fashion. See, also, *Morrison v. Morrison* (Feb. 5, 1974), Franklin App. No. 73AP–195, unreported.

Based upon R.C. 3113.21(M)(3), and the Supreme Court's definitive statement in *McPherson*, we find that the trial court does not have jurisdiction to retroactively modify an in-gross support order. Furthermore, this court has held:

"The general duty of support differs from the duty of support as is embodied within a court order therefor. The latter continues by virtue of the court order, until such order has been effectively changed by a proper invocation of the court's authority to act in regard to such prior order." *Morrison*, at 19.

In the case at bar, appellant failed to properly invoke the court's authority to reduce the child support he was paying for Cheri but, instead, unilaterally reduced the amount he was paying. We find that the trial court correctly determined that appellant's support obligation as to Cheri did not abate merely because of the change in custody. Appellant failed to properly invoke the court's authority to reduce the child support as to Cheri.

Upon review and consideration, we fail to find that the trial court abused its discretion in finding the child-support order in the case at bar to be an in-gross order. Therefore, we find that the trial court properly refused to retroactively modify the child-support order.

Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and LAZARUS, JJ., concur.