OPINION
{¶ 1} Appellant, Rose LaFountain ("Appellant"), administratrix of the estate of Sarah Miller appeals a Paulding County Common Pleas Court, Juvenile Division, judgment, determining that Appellee, Michael McMichael's ("Appellee"), child support arrearages were not an asset of decedent's estate. Appellant contends that the trial court's judgment denied decedent's children due process and equal protection of law, is against the manifest weight of authority, and an abuse of discretion. Finding that the Paulding County Juvenile Court did not have jurisdiction to determine whether the support arrearages were an asset of decedent's estate, we vacate the judgment.
 {¶ 2} David Mark Miller was born on March 18, 1997, to Sarah Miller and Appellee. Miller and Appellee were never married. Miller was also the mother of a daughter, Jessica, who was born during a previous marriage.
 {¶ 3} In October of 1997, the Paulding County Child Support Enforcement Agency ("CSEA") established the father/child relationship between Appellee and David. In June of 1998, the Paulding County Juvenile Court ordered support to be paid from the time of David's birth until the hearing date. At that time, Appellee's support arrearages were calculated to be $3,726.24 and he was also ordered to pay those arrearages at the amount of fifteen dollars per week.
 {¶ 4} Miller died on May 24, 2000. At the time of Miller's death, Appellee took custody of David and Miller's ex-husband took custody of Jessica. Additionally, Appellee's support arrearages totaled $4495.18, which Miller never had reduced to a lump-sum judgment prior to her death.
 {¶ 5} In December 2000, Appellee filed a motion for change of custody and reallocation of parental rights and responsibilities, based upon his being David's custodial parent since Miller's death. Subsequently, the Paulding County Juvenile Court designated Appellee residential parent and terminated his support obligation effective May 24, 2000. The court made no reference to Appellee's support arrearages in that judgment.
 {¶ 6} In August 2001, over fourteen months after Miller's death, Miller's estate was opened by Appellant. Subsequently, Appellant filed motions with the Paulding County Juvenile Court and Defiance County Common Pleas Courts, requesting that the support arrearages of both Appellee and Miller's ex-husband be found assets of Miller's estate, respectively. While the Defiance case record is not before us, the Defiance court apparently found that Miller's ex-husband's arrearages were an asset of her estate. In Paulding County, following a hearing, the Juvenile Court denied Appellant's motion, finding the support arrearages were not an asset of Miller's estate. Specifically, the court found that payment of the support arrearages would have to be made by Appellee, who is currently the custodial parent for whom the support order was made, and that such an arrangement would not be in the best interest of the child. Further, the court found there was no evidence presented to establish who would benefit if the support arrearages were determined to be an asset of Miller's estate or how the arrearages would be distributed by the estate. It is from this judgment that Appellant appeals, presenting three assignments of error for our review.
 Assignment of Error I The heirs of the deceased are being denied equal protection and dueprocess and the ruling is inequitable.
 Assignment of Error II The trial court's ruling herein is against the weight of theauthority.
 Assignment of Error III The court abused its discretion in not recognizing the Plaintiff'sclaim for arrears.
 {¶ 7} Although Appellant asserts, in her assignments of error, that the trial court erred in finding the support arrearages were not an asset, this court sua sponte determines that the Paulding County Juvenile Court lacked subject matter jurisdiction and vacates the judgment on that ground.
 {¶ 8} It is well settled that the issue of subject matter jurisdiction may be raised sua sponte by the court at any stage of the proceedings,[1] including for the first time on appeal.[2]
 {¶ 9} In this case, Appellant's motion asked the Juvenile Court to make the following determinations:
1. For an order substituting her as a party to the above action.
 2. It is further moved that the court order that the arrears in childsupport are an asset of the estate of Sarah L. Miller and payments onsaid arrears should be made to the movant.
 3. For an order that the Defendant be found in contempt for failure toexecute a deed for his interest in the real estate and to sign the titleto the mobile home over to the Plaintiff or in the alternative order thetransfer.
 4. For an order that the Defendant compensate the movant for thePlaintiff's furniture and appliances that the Defendant remove from thePlaintiff's home after her death.
 5. It is further moved the Defendant be found in contempt and orderedto pay movant's attorney fees.
 {¶ 10} R.C. 2101.24 defines the jurisdiction of a probate court and provides as follows:
(A)(1) Except as otherwise provided by law, the probate court hasexclusive jurisdiction:
* * *
(c) To direct and control the conduct and settle the accounts ofexecutors and administrators and order the distribution of the estate."
Further, R.C. 2101.24(C) provides:
(C) The probate court has plenary power at law and equity to disposefully of any matter that is properly before the court, unless the poweris expressly limited or denied by a section of the
 Revised Code.
 {¶ 11} Here, Appellant asked the Juvenile Court to determine whether the support arrearages owed by Appellee were an asset of the estate, to find that Appellee is in contempt for the failure to execute a deed, and to compensate movant for the Appellee's use of Miller's furniture. Clearly, Appellee's request that the arrearages be found an asset of Miller's estate is within the probate court's exclusive
jurisdiction to decide questions of title to claimed assets of an estate.[3] Likewise, Appellant's additional requests have to do with the disposition of Miller's property, and, thus, are matters for the probate court to determine.
 {¶ 12} Further, there is no authority granting a juvenile court jurisdiction to determine matters of Miller's estate.[4] Thus, while the Paulding County Probate Court would have had jurisdiction to determine whether Appellee's support arrearages were an asset of Miller's estate,[5] the Paulding County Juvenile Court lacked such jurisdiction. Accordingly, the judgment in this case must be vacated.
Although the juvenile court in this case did not have jurisdiction to determine whether the support arrearages were an asset of Miller's estate, a juvenile court does have original jurisdiction to hear and determine an application for an order for the support, as well as arrearages of any child.[6] Further a juvenile court has "continuing jurisdiction to modify or revoke a judgment or orders issued under section 3111.01 to 3111.19 of the Revised Code * * *."[7] A juvenile court's continuing jurisdiction includes judgments or orders that concern the duty of support or involve the welfare of a minor child.[8] And, finally, upon a party's motion, where arrearages exist, a juvenile court may reduce the arrearages to a lump-sum judgment.[9]
 {¶ 13} In this case, Miller, prior to her death, could have moved the Paulding County Juvenile Court for a reduction of the arrearages of child support to judgment. That motion would have been proper before the Juvenile Court. Additionally, following the death of Miller, Appellant could have moved the Paulding County Juvenile Court for a similar reduction, pursuant to Civ. R. 25(A), which allows for the substitution of a party upon the death of a party.[10] Upon such a motion, a juvenile court is obligated under Juv. R. 29(F)(2)(a) to address the request for relief and to make a determination based upon the law and evidence produced.
 {¶ 14} Upon such a motion, a juvenile court is generally obligated to reduce to judgment the amount of arrearages that are past due and delinquent.[11] It is well established that a living, custodial parent who has a support order, which is past due and delinquent, in most instances has a right to collect those unpaid arrearages, so long as the parent's order is valid and was ordered prior to the child's reaching the age of majority.[12] The custodial parent's right to a lump-sum judgment allows for the collection of such arrearages in support.[13]
Nevertheless, while a party does have a right to have arrearages reduced to judgment, that right is not absolute. Just as the purpose of ordering child support is to protect and serve the child's best interests,[14]
the court's purpose in reducing arrearages to judgment must also be to serve and protect the best interests of the child.
 {¶ 15} Several appellate courts have recognized a juvenile court's duty to consider the child's best interest in allowing the court discretion to determine whether to reduce arrearages to a lump-sum judgment. In Asztalos v. Fortney,[15] the Sixth District Court of Appeals found that a prior support decree may be retroactively modified, where it is in the best interests of the child. The Sixth District also found, in Peters v. Kozina,[16] a case factually identical to this case, that reducing support arrearages to judgment would frustrate the court's purpose. The Sixth District went on to note that "because defendant-appellant now has permanent custody of the children, any payment to [the] estate would reduce the amount of money defendant-appellant has available to support the children and would frustrate the court's purpose in ordering child support."[17] In Foutv. Fout,[18] the Tenth District Court of Appeals allowed the juvenile court to discharge arrearages owed, following the re-marriage of the parties. And, finally, in Goodman v. Goodman,[19] the Seventh District Court of Appeals held that it is within the trial court's sound discretion to reduce arrearages to judgment.
 {¶ 16} Here, Appellant is asking that Appellee be held responsible for the arrearages he owed prior to Miller's death. Miller, as custodian of the child, had a right to have the owed support arrearages reduced to judgment prior to her death.[20] And, further, Miller's estate most likely would have had a similar claim if another party had taken custody of David. However, that is not the case before us. Here, Appellee is David's custodial parent and has been since the death of Miller. Essentially, the Juvenile Court must consider the specific facts of each particular case in determining whether reducing the owed arrearages to judgment would serve the best interests of the child. In this case, the Juvenile Court may have properly held that David's best interests would not have been served by reducing Appellee's support arrearages to judgment; however, that issue is not directly before the court. With Miller as the custodial parent, the money necessary to redeem the arrearages would only take away from Appellee's current ability to support David. Further, there was no evidence presented as to where the support arrearages would end up within Miller's estate, and it is likely that the court could have found that administrative costs would substantially consume these arrearages. Without more evidence it would seem that Appellee, as custodial parent, would, at best, be doing nothing more than paying himself. Accordingly, based on the evidence before the court, the Juvenile Court could have found that David's best interests would be neither served nor protected by the reduction of the arrearages to judgment.
 {¶ 17} Based on the forgoing, the judgment of the trial court is vacated and the matter is remanded for further proceedings in accordance with this opinion.
Judgment vacated and cause remanded.
Cupp, J., concurs.
Shaw, J., concurs in judgment only.
[1] Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236, 238, overruled on other grounds in Manning v. Ohio State Library Bd. (1991),62 Ohio St.3d 24, 29.
[2] Jenkins v. Keller (1966), 6 Ohio St.2d 122, 126.
[3] Cole v. Ottowa Home Savings Assn. (1969), 18 Ohio St.2d 1,8; In Re Estate of Gottwald (1956), 164 Ohio St. 405, 409; In re Estateof Morrison (1953), 159 Ohio St. 285, 287-288.
[4] R.C. 2151.23.
[5] In re Estate of Antkowiak v. Lucas Cty. Child Support EnforcementAgency (1994), 95 Ohio App.3d 546, 548.
[6] R.C. 2151.23(B)(4); R.C. 3123.02-3123.071; R.C. 3123.14.
[7] R.C. 3111.16.
[8] Cuyahoga Support Enforcement Agency v. Guthrie (1999),84 Ohio St.3d 437, 444; see, also, Singer v. Dickinson (1992),63 Ohio St.3d 408, 413-411.
[9] Goodman v. Goodman (2001), 144 Ohio App.3d 367, 373.
[10] See Taylor v. Taylor (July 15, 1992), 5th Dist. No. C-910126, unreported.
[11] Smith v. Smith (1959), 168 Ohio St. 447.
[12] See Snider v. Lillie (1997), 131 Ohio App.3d 444, 448-449; In reLivingston (1996), 115 Ohio App.3d 613.
[13] Thompson v. Albers (1981), 1 Ohio App.3d 139, 141.
[14] Marker v. Grimm (1992), 65 Ohio St.3d 139, 141-142.
[15] (1975), 48 Ohio App.2d 66, 70-71.
[16] (Dec. 18, 1981), 6th Dist. No. NO. OT-81-7, unreported.
[17] Id. at *1.
[18] (Nov. 23, 1993), 10th Dist. No. 93AP-865, unreported.
[19] 144 Ohio App.3d at 373-374.
[20] Smith, 168 Ohio St. 447.