OPINION
{¶ 1} Appellant, Robert Unger, Jr., and appellee, Susan Unger nka Showers, were divorced on January 2, 1986. Pursuant to the divorce decree, appellant was ordered to pay a total of $400.00 per month in child support for the parties' two children, and $350.00 per month for thirty months in spousal support.
 {¶ 2} In 1986, appellant moved to Florida. On November 18, 1986, appellee filed an URESA action in Stark County, Ohio. The URESA action was certified to the court in Florida which assumed jurisdiction. By judgment entry filed June 18, 1987, the Florida court modified child support to a total of $50.00 per week, effective March 15, 1987.
 {¶ 3} Appellant was making payments through the Stark County Bureau of Support until 1987 at which time appellant began making payments directly to appellee. Also in 1987, appellant moved to California.
 {¶ 4} On July 1, 2002, following the children's emancipation, appellant filed a motion to determine any child support arrears. On September 10, 2002, appellee filed her own motion to determine child support and spousal support arrears. A hearing before a magistrate was held on June 18, 2003. Appellant was unable to provide records of payment for several years as a 1994 earthquake in California destroyed the majority of his records. By decision filed July 3, 2003, the magistrate determined appellant owed appellee $9,370.00 in arrears for child support and spousal support. By judgment entry filed same date, the trial court reduced the magistrate's decision to judgment.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in failing to hold that appellee's claim for alleged non-payment of child support and alimony was barred by laches."
 II {¶ 7} "The trial court erred in failing to hold that appellee had not met her burden of proof."
 I {¶ 8} Appellant claims the trial court erred in not dismissing appellee's claim for arrears under the theory of laches. We disagree.
 {¶ 9} The defense of laches is based on the proposition that equity will not aid those who "slumber on their rights," or who unreasonably delay the assertion of a right. McPherson v.McPherson (1950), 153 Ohio St. 82, 91. In order to successfully raise laches as a defense, "it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim. Smithv. Smith (1959), 168 Ohio St. 447, paragraph three of the syllabus.
 {¶ 10} Appellant argues laches applies sub judice because appellee waited an unreasonably long period of time to commence the action; such delay prejudiced his ability to defend against the action.
 {¶ 11} We note the magistrate found, "[i]t is uncontraverted that the original case was registered with the Stark County Bureau of Support." See, July 3, 2003 Magistrate's Decision at Finding of Fact No. 17.
 {¶ 12} It is undisputed that over the years, appellee did not complain to the trial court that appellant was not making his court ordered payments per the divorce decree. Appellee does not dispute the fact that appellant sent payments to her directly. Appellant argues for appellee to now seek enforcement of an order that is seventeen years old is unconscionable and prejudicial.
 {¶ 13} In particular, appellant points to the fact that he is unable to provide records of payment from October 1987 to 1991 due to the earthquake, an event not attributable to his own negligence. Appellant's garage and storage area were so damaged by the earthquake that his records of payment were lost and/or destroyed. T. at 64. Appellant conceded he failed to follow the trial court's order of making his payments through the Stark County Bureau of Support, but denied missing any payments. T. at 62-63. Appellant claimed he made payments to appellee directly at her request and in her interests. Id. However, appellee claimed she accepted direct payments at appellant's request to avoid an increase in his support obligations as California laws were very strict. T. at 100-101. Appellee implied she accepted the direct payments to diminish appellant's threat to seek custody of the children. T. at 101.
 {¶ 14} In order to invoke the equitable jurisdiction of the trial court in arguing laches, one must come to equity with clean hands. Appellant lacks this prerequisite. He voluntarily chose to disregard the trial court's order. Obedience to the order would have protected him from the accidents of nature and unfounded claims. By so volunteering to disobey the court order, he became the "architect of his own demise" and must now suffer the consequences of that choice.
 {¶ 15} Upon review, we conclude the equitable defense of laches is not available to appellant, and the trial court did not err in failing to dismiss appellee's claims.
 {¶ 16} Assignment of Error I is denied.
 II {¶ 17} Appellant claims appellee failed to meet her burden in proving arrears. We disagree.
 {¶ 18} The burden of establishing a case rests on the individual who asserts an affirmation of a proposition. On July 1, 2002, appellant filed a motion to determine child support arrears, disputing a Stark County Child Support Enforcement Agency determination of a $77,000.00 arrearage. On September 10, 2002, appellee filed her own motion for a determination of child support and spousal support arrears. Therefore, it was appellant's burden to prove he did not owe $77,000.00 in child support arrears and appellee's burden to prove a spousal support arrearage.
 {¶ 19} As the magistrate's decision points out, both appellant and appellee did not have complete records. Appellee had no specific memory of times, dates and amounts of payments, but claimed she called and complained to appellant about the lack of payments. T. at 30-35. Appellee also conceded to appellant's proof of payments. T. at 35. The magistrate assumed appellant's proof of payments and subtracted the amounts from the whole. Because appellee could not establish medical premium payments, this request was dismissed.
 {¶ 20} Upon review, we find the trial court did not improperly shift the burden of proof to appellant, as the trial court in fact accepted his exhibits and commuted the corresponding arrearage.
 {¶ 21} Assignment of Error II is denied.
 {¶ 22} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed.
Farmer, P.J. and Edwards, J. concur and concurs separately.
Boggins, J. dissents.