{¶ 61} I concur in the majority's analysis and disposition of appellant's second and third assignments of error.
 {¶ 62} I respectfully dissent from the majority's analysis and disposition of appellant's first assignment of error regarding the sufficiency of the trial court's finding for imposing a maximum sentence. The majority finds the trial court's determination recidivism "is very likely" amounts to a finding appellant poses "the greatest likelihood of committing future crimes." I find a quantitative distinction between "very likely" and "greatest likelihood." The former being a less rigorous standard. Furthermore, I note the State on page 2 of its brief to this Court, concedes, "The trial court did not make the requisite findings to support a maximum sentence at the sentencing hearing."
 {¶ 63} I further dissent from the majority's analysis and disposition of appellant's fourth assignment of error. For the reasons which follow, I find the United States Supreme Court's recent decision in Blakely to be applicable to the instant action.
 {¶ 64} In Blakely, the petitioner pled guilty to kidnapping his estranged wife. Under the facts admitted during his plea, the petitioner was subject to a maximum sentence of 53 months imprisonment. At sentencing, however, "the trial judge imposed a 90-month sentence after finding that petitioner had acted with deliberate cruelty, a statutorily enumerated ground for departing from the standard range." Id. The U.S. Supreme Court determined the State of Washington's sentencing scheme violated the petitioner's Sixth Amendment right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence.
 {¶ 65} The Blakely Court held:
 {¶ 66} "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. See Ring, supra at 602, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348] ); Harris v. UnitedStates, 536 U.S. 545, 563, 122 S.Ct. 2406, 153 L.Ed.2d 524
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 67} In imposing more than the minimum term on counts one and three, the trial court in the instant action made two additional factual findings: the shortest prison term would demean the seriousness of appellant's conduct, and the shortest prison term would not adequately protect the public from future crime by appellant or others. These facts were neither determined by a jury nor admitted by appellant. Because these findings affect appellant's sentence by changing the statutory maximum to any sentence more than the shortest prison term six months,[1] I find appellant's Sixth Amendment rights were violated under Blakely. For a similar result, see, State v.Moore, Cuyahoga App. No. 83653, 2004-Ohio-5883.
 {¶ 68} The majority also notes the fact appellant signed a "Withdrawal of Former Pleas of Not Guilty and Written Pleas of Guilty to Counts One, Two and Three of the Indictment." Therein, appellant acknowledges if the trial judge makes any additional findings in R.C. 2929.13(B)(1)(a) through (h), and after considering the factors in R.C. 2929.12, appellant may be sentenced to a prison term of six to twelve months. Based thereon, the majority concludes appellant was aware the trial court would make these findings. Because he did not object, or specifically request a jury trial on these issues, the majority suggests appellant has waived any rights which Blakely may have afforded him. I disagree.
 {¶ 69} Although appellant arguably waived his right to have a jury decide these issues, appellant's signature on the change of plea document does not constitute an admission by appellant of those additional findings nor implicitly waive his right to challenge those issues at an evidentiary hearing before the trial judge.
 {¶ 70} Accordingly, I would sustain appellant's first and fourth assignments of error.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Delaware County Court of Common Pleas is affirmed in part, vacated in part, and the matter remanded for further proceedings consistent with this opinion and the law. Costs assessed to appellee.
[1] I believe Blakely would require any finding necessary to support a maximum sentence or consecutive sentences must likewise be submitted to a jury unless admitted by the defendant.